COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Willis and Fitzpatrick
Argued at Alexandria, Virginia


RALPH L. GORDON, STATE HEALTH COMMISSIONER,
 DEPARTMENT OF HEALTH
                                        OPINION BY
v.        Record No. 1394-96-4     JUDGE JERE M. H. WILLIS, JR.
                                        MARCH 4, 1997
DR. HAROLD H. ALLEN, JR., d/b/a
 PHYSICIANS SURGICAL ALLIANCE, P.C.


            FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                 Paul F. Sheridan, Judge Designate

            Carol S. Nance, Assistant Attorney General
            (James S. Gilmore, III, Attorney General;
            William H. Hurd, Deputy Attorney General;
            Jane D. Hickey, Senior Assistant Attorney
            General, on briefs), for appellant.

            Wyatt B. Durrette, Jr. (John T. Brennan, Jr.;
            Thomas A. Guidoboni; Bronson F. Byrd;
            Durrette, Irvin & Bradshaw; Michaels, Wishner
            & Bonner, on brief), for appellee.

            Amicus Curiae:  Virginia Hospital &
            Healthcare Association (Julia Krebs-Markrich;
            H. Lane Kneedler; D. Patrick Lacy; Hazel &
            Thomas, on brief), for appellant.


     The State Health Commissioner appeals from a final judgment

of the trial court reversing the commissioner's denial of Dr.

Harold H. Allen, Jr.'s request for a determination of

nonreviewability under the certificate of public need (COPN)

statute, Code § 32.1-102.1 et seq.,[1] and holding that statute to

---
     [1]  Following the circuit court's ruling, the General
Assembly amended Code § 32.1-102.1, modifying the definition of a
"medical care facility," and the provisions regarding the
application of review to said facilities.  1996 Va. Acts ch.
1050.  For purposes of this opinion, we refer to the statute as
it was written in 1994.

be unconstitutionally vague.  For the reasons set forth below, we reverse the judgment of the trial court.

I.

On January 28, 1994, Dr. Allen, d/b/a Physicians Surgical Alliance, notified the commissioner that he intended to establish an "outpatient surgical hospital" in Sterling, Virginia.  He requested a determination by the commissioner that the COPN statute did not apply to "outpatient surgical hospitals" and that COPN review and approval of his project was unnecessary.  He contended that the COPN statute defined a universe of "medical care facilities," and strictly limited to that universe the facilities requiring COPN review.  See Code § 32.1-102.1.  He contended that although licensure law recognizes an "outpatient surgical hospital" as a type of medical care facility, Code § 32.1-123 et seq., "outpatient surgical hospitals" are not included specifically in the list of medical facilities requiring COPN review under Code § 32.1-102.1.  He contended that, therefore, the COPN statute did not apply to his proposed facility.

By letter dated February 16, 1994, the Department of Health (Department) rejected Dr. Allen's argument.  The Department concluded that Dr. Allen's proposed medical care facility was a specialized center developed for the provision of outpatient or ambulatory surgery.  It recommended that COPN review and approval

- 2 -

of his facility be required for certification.[2]  In issuing its

recommendation, the Department stated that:

> This categorization of a type of medical care facility in the COPN law is neither subtle nor ambiguous.  A plain reading of this term does not allow for any reasonable suggestion that facilities such as those developed by Dr. Allen would not fall within its ambit simply because they are specialized centers for outpatient or ambulatory surgery that require licensure in Virginia as outpatient surgical hospitals.

As you know, the authors of Virginia's

---

[2]  Code § 32.1-102.1 provides in pertinent part that:

> "<u>Medical care facility</u>," as used in this title, means any institution, place, building or agency, whether licensed or required to be licensed . . . whether operated for profit or nonprofit and whether privately owned or privately operated or owned or operated by a local governmental unit, (i) by or in which health services are furnished, conducted, operated or offered for the prevention, diagnosis or treatment of human disease, pain, injury, deformity or physical condition, whether medical or surgical, of two or more nonrelated mentally or physically sick or injured persons, or for the care of two or more nonrelated persons requiring or receiving medical, surgical or nursing attention or services as acute, chronic, convalescent, aged, physically disabled or crippled, or (ii) which is the recipient of reimbursements from third-party health insurance programs or prepaid medical service plans.  For purposes of this article, only the following medical care facilities shall be subject to review:
>
>    *    *    *    *    *    *    *
>
> 9.  Specialized centers or clinics or that portion of a physician's office developed for the provision of outpatient or ambulatory surgery . . . .

COPN law did not establish the list of medical care facilities subject to COPN review as a subset of the medical care facilities subject to licensure in Virginia. There are categories of "medical care facility" subject to COPN review which are not licensed by the Department of Health or any other state agency as medical care facilities. Likewise, the Department requires licensure of certain types of facilities and services that are not regulated under the COPN law. Therefore the fact that you have been able to detect some congruence in the nomenclature used to describe medical care facilities subject to COPN review and medical care facilities subject to licensure in Virginia is irrelevant.

Upon Dr. Allen's request for reconsideration of the Department's recommendation, the commission conducted an informal fact-finding conference. Dr. Allen argued that the phrase "[s]pecialized centers or clinics or that portion of a physician's office developed for the provision of outpatient or ambulatory surgery," as applied to him, was unconstitutionally vague. On November 17, 1994, the commissioner rejected Dr. Allen's argument and held that he was required to undergo COPN review to obtain approval of his proposed outpatient surgical hospital.

Pursuant to the provisions of the Virginia Administrative Process Act (VAPA), Code §§ 9-6.14:15 to 9-6.14:21, Dr. Allen appealed the commissioner's case decision to the trial court, which, after hearing argument on August 31, 1995, issued a letter opinion reversing the commissioner's decision and ruling that the COPN statute and regulations were unconstitutionally vague. The

– 4 –

trial court denied the commissioner's motion for reconsideration.

II.

On August 8, 1996, we made a preliminary determination that the transcript of the August 31, 1995 hearing had not been filed timely.  See Rule 5A:8.  We ordered the commissioner to show cause why this appeal should not be dismissed.  We directed that the parties' briefs contain argument concerning:  (1) whether the transcript of the August 31, 1995 hearing was properly made a part of the record on appeal; and (2) if not, whether that transcript is indispensable to a determination of the issues.

We conclude that the transcript was not properly made a part of the record on appeal.  However, we further find that the transcript is not indispensable to a determination of the issues.  See Turner v. Commonwealth, 2 Va. App. 96, 99, 341 S.E.2d 400, 401-02 (1986).

"Under the VAPA, the circuit court's role in an appeal from an agency decision is equivalent to an appellate court's role in an appeal from a trial court.  In this sense, the General Assembly has provided that a circuit court acts as an appellate tribunal."  School Board v. Nicely, 12 Va. App. 1051, 1062, 408 S.E.2d 545, 551 (1991).

The July 7, 1994 informal fact-finding conference and the Department's accumulation of the agency record performed a trial court's traditional fact-finding function.  See Code §§ 9-6.14:16, 9-6.14:17.  The agency record was filed timely in

the trial court. The August 31, 1995 hearing before the trial court was an appellate proceeding. The trial court's function was limited to considering the parties' legal arguments based upon the agency record. While our consideration of the issues might have been aided by a review of the August 31, 1995 transcript, the written record, encompassing the parties' pre-hearing briefs, the trial court's letter opinion, and the agency record, along with transcripts of the Department's informal fact-finding conference and argument before the trial court to reconsider its decision, provides a sufficient record for our consideration of this appeal.

III.

In his petition for appeal to the trial court, Dr. Allen asserted that the commissioner's decision was illegal because:

> [I]t is based upon a portion of the Certificate of Public Need statute which itself is unconstitutionally vague under both the United States and Virginia Constitutions. Specifically, the determination of the Acting Commissioner that Petitioner's project required prior Certificate of Public Need approval was based on his conclusion that the outpatient surgical hospital Petitioner proposed to establish comprised a "specialized center or clinic", which term or terms are undefined in statute or regulation.

In argument before the trial court, Dr. Allen contended that an amendment to the definition of "medical care facility" limited COPN review to entities that are licensed or required to be licensed. He argued that the COPN regulations were inconsistent with this statutory amendment, and that, therefore, the COPN

- 6 -

statute and regulations were unconstitutionally vague.  The commissioner argues that this contention was not embraced within Dr. Allen's petition for review in the trial court and that the trial court erred in considering it.  For purposes of this appeal, we give Dr. Allen's petition a broad reading and, for purposes of decision, we accept without deciding that his petition was broad enough to encompass the questioned argument.

IV.

The trial court held:

> The second issue considered is the relationship of the COPN statutory definition of "medical care facility", [] and the State Medical Facilities Plan (SMFP).  Petitioner says that the new statutory language made licensure a prerequisite to the necessity for COPN review. . . .
>
> The Court finds that the SMFP, read in conjunction with COPN statute, ignores significant statutory changes.  The Court must follow the statute when such a conflict exists.  The statutory language changed from "whether or not [licensed or] required to be licensed" to "whether licensed or required to be licensed."  The effect of the revision is a substantive one that must be reflected in the regulations.  The effect is that the question "What facility needs licensure?", is difficult to clearly answer.  This equivocal result means the statute and regulations are fatally vague, facially and in application.[3]

---

[3]  The circuit court referred mistakenly to the State Medical Facilities Plan.  See 32.1-102.3(A); 12 VAC §§ 5-230-10 to 5-350-60.  The appropriate reference is to the Virginia Medical Care Facilities Certificate of Public Need Rules and Regulations (COPN regulations), which establish the required procedures for the administrative application of COPN review. Code § 32.1-102.2; 12 VAC §§ 5-220-10 to 5-220-400.

If we accept the trial court's reading of Code § 32.1-102.1, that statute provides a two-step predicate for the requirement of COPN review: (1) the proposed facility must require licensure, and (2) the proposed facility must fall within one of the classifications set forth in Code § 32.1-102.1. Dr. Allen has never disputed that his proposed facility requires licensure. Therefore, "what facility needs licensure" is not an issue in this case.

The commissioner determined that Dr. Allen's proposed facility would be a specialized center or clinic developed for the provision of out-patient or ambulatory surgery, thus bringing it within the scope of Code § 32.1-102.1 "medical care facility (9)." While this determination may leave room for argument, it does not pose an issue of classification that is unconstitutionally vague.

The judgment of the trial court is reversed, and this case is remanded for review on the question whether the record developed before the commission supports the commissioner's determination.

<u>Reversed and remanded</u>.
