COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Clements and Senior Judge Coleman
Argued at Richmond, Virginia


PATRICK W. FINNERTY, DIRECTOR
 DEPARTMENT OF MEDICAL ASSISTANCE
 SERVICES
                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0621-07-2                            JUDGE ROBERT P. FRANK
                                                             DECEMBER 4, 2007
ANN ROBINSON


                  FROM THE CIRCUIT COURT OF HENRICO COUNTY
                              Daniel T. Balfour, Judge

               Usha Koduru, Assistant Attorney General (Robert F. McDonnell,
               Attorney General; David E. Johnson, Deputy Attorney General;
               Kim F. Piner, Senior Assistant Attorney General, on brief), for
               appellant.

               No brief for appellee.


        Patrick W. Finnerty, Director, Department of Medical Assistance Services, appeals from a

decision of the Circuit Court of Henrico County issued pursuant to the Virginia Administrative

Process Act, Code § 2.2-4000 *et seq.* (the VAPA), reversing the decision of the hearing officer as to

the fair market value of the residence of Ann Robinson.  Specifically, appellant contends the trial

court erred in finding there was no substantial evidence to support the hearing officer's finding that

the county's tax assessment of the subject property reflected its fair market value.  For the reasons

stated, we reverse the trial court and remand for further proceedings.


_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On October 29, 2004, Henrico County assessed Ann Robinson's real property for $125,100. On January 6, 2005, Mrs. Robinson, age 92, sold her home for $70,000. No agent was involved in the transaction. The settlement statement of the sale from Mrs. Robinson's property showed an outstanding mortgage lien of $16,038.62. Mrs. Robinson entered a convalescent home on April 5, 2005, and, on September 9, 2005, she applied for Medicaid benefits for long-term care.

Relying on the $55,100 difference between the $125,100 assessed value and the $70,000 sales price, the Department of Social Services (DSS) denied Mrs. Robinson Medicaid coverage on October 17, 2005 due to the "uncompensated transfer" of her property. DSS imposed a penalty period of 13 months, determined by dividing the $55,100 deficit by the monthly nursing facility rate of $4,060.

Mrs. Robinson hired a private appraiser who determined the fair market value of her property to be $85,000 as of January 2005. The appraiser noted the property was in disrepair and estimated the "Deferred Maintenance and Cost to Cure" would be $19,590. The appraisal listed four "comparable" properties to be valued at $124,000, $124,000, $105,000 and $129,950.

Mrs. Robinson appealed the decision of DSS to a hearing officer of the Department of Medical Assistance Services. Before the hearing officer, a DSS eligibility worker testified that Medicaid regulations do not allow them to deviate from the tax assessment. The hearing officer rejected Mrs. Robinson's appraisal and, based on the county tax assessment, determined the fair market value of the property to be $125,100.

Mrs. Robinson then appealed the hearing officer's decision to the circuit court.[1] Upon review, the court reversed the hearing officer's ruling, finding:

_____

[1] The issue on appeal before the circuit court was that "evidence supports the fact that fair market value compensation was paid." Mrs. Robinson did not challenge the methodology or

-2-

IT IS HEREBY ORDERED that the Court rules that there was not substantial evidence on the record to support the decision that the Hearing Officer entered in this matter; specifically as it relates to the use of a County assessed value, rather than a residential real estate appraisal that was filed; and specifically as it relates to her failure to consider the mortgage that was outstanding to reduce the value of the residence and real estate; along with the specific failure to consider the cost of a real estate commission to sell this property at its fair market value on the open market.

The court further found the issue failed to fall within the area of experience and specialized competence of the agency, and remanded the case to the agency to correct the decision.

This appeal follows.

## ANALYSIS

Essentially, appellant contends the trial court erred in finding there was not substantial evidence to support the hearing officer's determination of the fair market value.[2] Since we resolve this appeal on the "substantial evidence" question, we need not address appellant's remaining issues.

---

legality of utilizing the tax assessment, but challenged only its accuracy as reflecting the actual fair market value of the property.

[2] Appellant's questions presented are:

I.    Whether the Circuit Court improperly rejected Medicaid policy that relies on a property tax assessment from the county's tax assessor's office in evaluating a transfer of property for the purpose of determining Medicaid eligibility?

II.    In substituting its own judgment for Medicaid policy, did the Circuit Court violate Virginia Code § 2.2-4025, where the validity of any statute, regulation, standard or policy upon which the agency has acted shall not be subject to review by the court?

III.    Considering the entire record, did the Circuit Court fail to find there was substantial evidence in the record to support the agency's decision?

The trial court reviewed the factual findings of the hearing officer and concluded there was not "substantial evidence" to support that finding.[3] See Code § 2.2-4027 (designating "the substantiality of the evidentiary support for findings of fact" as subject for review by the circuit court).

> On appeal of an agency decision, "[t]he sole determination as to factual issues is whether substantial evidence exists in the agency record to support the agency's decision. The reviewing court may reject the agency's findings of fact only if, considering the record as a whole, a reasonable mind necessarily would come to a different conclusion."

Chippenham & Johnston-Willis Hosps., Inc. v. Peterson, 36 Va. App. 469, 475, 553 S.E.2d 133, 136 (2001) (quoting Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 242, 369 S.E.2d 1, 7 (1988)). See also Code § 2.2-4027 ("Whether the fact issues are reviewed on the agency record or one made in the review action, the court shall take due account of the presumption of official regularity, the experience and specialized competence of the agency, and the purposes of the basic law under which the agency has acted.").

Under the VAPA, the circuit court reviews the agency's action in a manner "'equivalent to an appellate court's role in an appeal from a trial court.'" J. P. v. Carter, 24 Va. App. 707, 721, 485 S.E.2d 162, 169 (1997) (quoting Sch. Bd. v. Nicely, 12 Va. App. 1051, 1061-62, 408 S.E.2d 545, 551 (1991)). "'In this sense, the General Assembly has provided that a circuit court acts as an appellate tribunal.'" Giannoukos v. Virginia Bd. of Medicine, 44 Va. App. 694, 699, 607 S.E.2d 136, 138 (2005) (quoting Gordon v. Allen, 24 Va. App. 272, 277, 482 S.E.2d 66, 68 (1997)).

Our analysis, consistent with our standard of review, is whether "considering the record as a whole, a reasonable mind would necessarily come to a different conclusion." Kenley, 6

---

[3] The trial court did not review any legal determinations of the hearing officer.

Va. App. at 242, 369 S.E.2d at 7.  More specifically, we review whether there was substantial evidence in the record to support the hearing officer's methodology for determining fair market value of Mrs. Robinson's property at the time of the transfer.

We begin with the premise that property shall be assessed at its fair market value. Va. Const. art. X, § 2; see also Code § 58.1-3201 (requiring real estate tax assessments shall be made at 100% of fair market value).  The Virginia Medicaid Manual, Volume XIII, M1420.002(D) states:

> Fair market value is an estimate of an asset's value if it were sold at the prevailing price at the time it was actually transferred.  Value is based on criteria used in determining the value of assets for the purpose of determining Medicaid eligibility.  For example, the fair market value of real property is the tax assessed value.

If a landowner feels the tax assessment does not reflect the fair market value of the property, the owner may challenge the assessment administratively, Code § 58.1-3350, or judicially.  Code § 58.1-3984.  A clear presumption favors the validity of the assessment, and that presumption can be rebutted only upon a showing of manifest error or total disregard of controlling evidence.  Bd. of Supervisors v. Donatelli & Klein, Inc., 228 Va. 620, 627, 325 S.E.2d 342, 345 (1985).  "Courts should be reluctant, within reasonable bounds, to change assessors' judgments because courts are not duly constituted tax authorities."  Bd. of Supervisors v. Telecomm. Indus., 246 Va. 472, 476, 436 S.E.2d 442, 444 (1993).

A taxpayer seeking relief from an allegedly erroneous assessment has the burden to show that the assessment exceeds fair market value.  Code § 58.1-3984.  Mrs. Robinson, before the hearing officer, contended the hearing officer should disregard the tax assessment because her private assessment considered the house's state of disrepair.  However, there is no evidence the tax assessment did not reflect the condition of the property.

The trial court found there was not substantial evidence to support the hearing officer's determination of fair market value based on several factors: (1) the agency's use of a county assessment rather than Mrs. Robinson's appraisal; (2) failure to reduce the fair market value by the amount of the outstanding mortgage lien; and (3) failure to consider the cost of a real estate commission.

The trial court chose to accept Mrs. Robinson's appraisal instead of the fair market value as determined by the tax assessment. As stated above, this is not the role of the circuit court on review of an agency's factual finding. Peterson, 36 Va. App. at 475, 553 S.E.2d at 137. Further, whether the agency failed to consider the outstanding balance of a lien or the amount of real estate commission is not relevant to a determination of fair market value, the only issue before the trial court.

The outstanding lien amount must be factored in to determine the "uncompensated value" of the asset, yet it is not a factor in determining fair market value. See Virginia Medicaid Manual, Volume XIII M1450.702(H) ("The uncompensated value of a transferred asset is the difference between the asset's fair market value at the time of transfer (less any outstanding loans, mortgages, or other encumbrances on the asset at the time of transfer) and the amount received for the asset.").

We conclude the trial court erred. There was substantial evidence to support the hearing officer's determination of fair market value. The tax assessment showed the fair market value to be $125,100. Based on the record, we cannot conclude that "a reasonable mind would come to a different conclusion."

We remand this case to the trial court with instructions to affirm the decision of the hearing officer.

Reversed and remanded.