Present: All the Justices

HERMAN OPENZO COOK

v. Record No. 031830       OPINION BY JUSTICE DONALD W. LEMONS
                                    June 10, 2004
COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether, under Code § 16.1-271, the juvenile and domestic relations district court lacks jurisdiction over a juvenile who has previously been certified to the circuit court and indicted by a grand jury as an adult on charges that later are nolle prosequied.

I. Facts and Proceedings Below

Herman Openzo Cook ("Cook") was tried and convicted in the Circuit Court for the City of Richmond as an adult on charges of attempted murder, use of a firearm in the commission of an attempted murder, robbery, and use of a firearm in the commission of a robbery. At the time the acts resulting in the convictions were committed, Cook was 17 years old.

Prior to trial, Cook moved the circuit court to dismiss the indictments against him. He argued that because he had not been afforded a transfer hearing prior to his transfer to the circuit court and indictment by a grand jury, the circuit court lacked jurisdiction over his offenses as a juvenile. He acknowledged that three prior charges against him had been

certified to the circuit court and thereafter nolle

prosequied, but maintained that the juvenile and domestic

relations district court was not divested of jurisdiction over

future charges.  The trial court denied Cook's motion to

dismiss the indictments.  The Court of Appeals affirmed his

convictions.  We awarded Cook an appeal.

## II.  Analysis

Code § 16.1-271, specifies in relevant part that:

> The trial or treatment of a juvenile as an
> adult pursuant to the provisions of this
> chapter shall preclude the juvenile court from
> taking jurisdiction of such juvenile for
> subsequent offenses committed by that juvenile.
> Any juvenile who is tried and convicted in
> a circuit court as an adult under the
> provisions of this article shall be considered
> and treated as an adult in any criminal
> proceeding resulting from any alleged future
> criminal acts and any pending allegations of
> delinquency which have not been disposed of by
> the juvenile court at the time of the criminal
> conviction.
>      . . . The provisions of this article
> regarding a transfer hearing shall not be
> applicable to such juveniles.

The language of this statute could scarcely be more

clear.  Under Code § 16.1-271, a juvenile need not be

convicted as an adult to be tried as an adult for all

subsequent offenses without a transfer hearing in the juvenile

court.  The juvenile court loses jurisdiction over the

juvenile upon future charges if he goes to trial or is treated

as an adult by the court system.  The word "treatment" cannot

2

be interpreted as merely synonymous to the word "trial;" if it were, the inclusion of the word "treatment" in the statute would be redundant. Words in a statute should be interpreted, if possible, to avoid rendering words superfluous. McLean Bank v. Nelson, 232 Va. 420, 427, 350 S.E.2d 651, 656 (1986); Gallagher v. Commonwealth, 205 Va. 666, 669, 139 S.E.2d 37, 39 (1964); Tilton v. Commonwealth, 196 Va. 774, 784, 85 S.E.2d 368, 374 (1955).

"Treatment" is a much broader concept than "trial." "Treatment" is defined as "conduct or behavior towards another party." Webster's Third New International Dictionary 2435 (1993). By certifying Cook as an adult, then indicting him using a grand jury in the same manner that a grand jury would be used to indict an adult, the Commonwealth and its judicial system have engaged in conduct toward Cook that is the same conduct they would have engaged in if Cook had actually been an adult. Therefore, Cook has been treated as an adult for the purposes of Code § 16.1-271.

The effect of a nolle prosequi is to discontinue the prosecution relative to the charges. See, e.g., Harris v. Commonwealth, 258 Va. 576, 585, 520 S.E.2d 825, 830 (1999). That the indictments were eventually nolle prosequied does not erase the fact that Cook was treated as an adult for those proceedings.

3

If there could be any doubt about the plain meaning of Code § 16.1-271, it most assuredly is resolved by the sequence of statutory amendments and subsequent judicial interpretations. In Burfoot v. Commonwealth, 23 Va. App. 38, 43, 473 S.E.2d 724, 727 (1996), the Court of Appeals considered the application of Code § 16.1-269 which was in effect at the time of Burfoot's trial. The Court held:

> In light of the specific statutory procedures applicable to the prosecution of a juvenile for a crime and the jurisdictional prerequisite of a valid juvenile transfer hearing, we hold that a nolle prosequi terminates the prosecution of a juvenile and that the only way to initiate a new prosecution is to file a second petition in the juvenile and domestic relations district court.

Id. The Court of Appeals noted that Code § 16.1-269 had been repealed in 1994 and was "replaced by Code §§ 16.1-269.1 to 16.1-269.6," Id. at 43 n.2, 473 S.E.2d at 727 n.2. Code § 16.1-271 was also amended in 1994. Of particular significance was the removal of the word "not" from § 16.1-271. See 1994 Va. Acts ch. 564. Before the amendment, the statute stated that prior trial or treatment "shall not" divest the juvenile court of jurisdiction for subsequent offenses. Code § 16.1-271 (1990 Supp.) Noting the effect of the statutory change, the court observed:

> Under the new statute, the juvenile and domestic relations district court loses jurisdiction for all time over a juvenile

4

> defendant when the Commonwealth is authorized
> by the Circuit Court to seek an indictment.
> Thus, if the Commonwealth enters a nolle
> prosequi of that indictment, the Circuit Court
> retains jurisdiction over the juvenile.

Id. at 44 n.2, 473 S.E.2d at 727 n.2.  In 1996, after the

published decision in Burfoot, the General Assembly further

amended Code § 16.1-269.1 to provide in subsection (E) that

"[i]f an indictment is terminated by nolle prosequi, the

Commonwealth may reinstate the proceeding by seeking a

subsequent indictment."  1996 Va. Acts chs. 755, 914 (adding

new subsections (C) through (E)).

Thereafter, in Broadnax v. Commonwealth, 24 Va. App. 808,

815, 485 S.E. 2d 666, 669 (1997), the Court of Appeals further

observed:

> The intent and effect of the legislature's
> deletion of the word "not" in the first
> paragraph of Code § 16.1-271 by the 1994
> amendment could not be clearer.  The language
> indicates, without question, that the
> legislature intended this amendment to divest
> the juvenile court of jurisdiction over a
> juvenile once the juvenile has been previously
> tried or treated as an adult under this
> chapter.  Further, the language is mandatory:
> The juvenile court "shall" be precluded from
> exercising jurisdiction of any "such juvenile
> for subsequent offenses committed by that
> juvenile."  See Code § 16.1-271 (emphasis
> added).  These provisions are not ambiguous,
> and must be given their plain, obvious, and
> rational meaning.

Despite the weight of prior legislative amendment and judicial

interpretation, Cook argues that to interpret the statute in

5

this manner would produce an "absurd result." Cook maintains that an

> innocent juvenile defendant will be forever prosecuted as an adult for any alleged criminal offenses committed by him as a juvenile. He will be stripped of the unique substantive rights he would otherwise possess as a juvenile, as well as being deprived of the special services and experience of the juvenile court system.

He cites Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001), to support his argument that this interpretation of the statute is improper.

While Cook may correctly identify the effect of the statute, Cummings does not stand for the proposition that a court may ignore the plain meaning of a statute that produces a result that may appear to be unwise.[*] Instead, our case law uses the phrase "absurd result" to describe situations in which the law would be internally inconsistent or otherwise

---

[*] See Valley Acceptance Corp. v. Glasby, 230 Va. 422, 431, 337 S.E.2d 291, 296 (1985)(rejecting an interpretation of the Consumer Finance Act, Code § 6.1-247, that would allow a lender to escape the Act by doing exactly what it forbids); Lawrence Transfer & Storage Corp. v. Board of Zoning Appeals, 229 Va. 568, 572, 331 S.E.2d 460, 462 (1985) (upholding a literal interpretation of a statute requiring notice to "abutting landowners" of proposed zoning ordinance amendments, when those amendments apply to 25 or fewer parcels of land, even though "some abutting property is distant from the area to be changed."); Watkins v. Hall, 161 Va. 924, 929-30, 172 S.E. 445, 447 (1934)(declining to hold "absurd" a clear and unambiguous statute providing for state institutionalization of insane persons within four months of the legal determination that they are insane even if he or she is already receiving treatment at a private institution).

6

incapable of operation.  Here, it is entirely possible to carry out the law as written in unambiguous terms in a manner consistent with the General Assembly's apparent intent.  Thus, we cannot say that it would produce an "absurd result" to interpret and apply Code § 16.1-271 as written.  We decline Cook's invitation to substitute the court's judgment for that of the General Assembly.

## III.  Conclusion

For the reasons stated, we hold that the circuit court properly exercised jurisdiction over Cook, and the judgment of the Court of Appeals will be affirmed.

<u>Affirmed.</u>