# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Lamont O. Douglas

January 4, 2007

Case Nos. (Criminal) K 88353, K 88354

BY JUDGE RANDY I. BELLOWS

This matter comes before the Court on Mr. Douglas' Motion to Vacate his indictment and convictions. After careful consideration, the Court is prepared to rule on the instant motion.

## Factual Background

In 1994, the defendant was first convicted of felony robbery and felony use of a sawed-off shot-gun. Subsequently, on December 6, 1994, the Virginia Court of Appeals reversed the defendant's convictions.[1] On March 20, 1995, the defendant was again indicted on one count of felony robbery and one count of felony use of a sawed-off shotgun in the commission of a felony. It appears that the defendant was incarcerated during his second trial. The defendant presently challenges this incarceration as being unlawful and without probable cause. On May 24, 1995, this Court convicted defendant of

---

[1] Douglas v. Commonwealth, 19 Va. App. 324, 451 S.E.2d 49 (1994).

both felony counts. On June 28, 1995, the Court sentenced the defendant to ten years incarceration for the felony robbery and twenty years incarceration for the use of the shotgun.

On October 19, 1995, the Virginia Court of Appeals granted the defendant leave to file late an appeal. The Court of Appeals and the Virginia Supreme Court declared the defendant's petitions without merit. Subsequently, the defendant filed a motion to vacate in 2001 articulating a "Baker claim." The defendant's petition constituted a "Baker claim," i.e., failure to notify a juvenile's parents of proceedings in juvenile courts renders void subsequent criminal convictions in circuit court. On October 17, 2001, this Court issued a final order in the defendant's case denying the defendant's "Baker claim" in light of the recent Virginia Supreme Court case, *Nelson v. Warden of Keen Mountain Correctional Center*, 262 Va. 276 (2001). Judge Hudson concluded that the Supreme Court decided in *Nelson* that the parental notice requirement articulated in *Baker v. Commonwealth*, 28 Va. App. 306, 504 S.E.2d 394 (1998), is procedural and, therefore, waivable if not raised by timely objection. Consequently, the Court declared that defendant's Baker claim was waived because it was not raised previously in a timely objection. The Court denied defendant's motion for reconsideration on November 14, 2001.

The defendant filed a Motion to Vacate in 2001, attacking the Circuit Court's jurisdiction. Ultimately, the Court denied the defendant's motion on October 17, 2001. The defendant filed a motion to reconsider the Court's decision. On November 14, 2001, the Court denied the defendant's Motion to Reconsider. On August 22, 2006, the defendant filed with the Court the instant Motion to Vacate. Although not stated as such by the defendant, the defendant argues in his Motion to Vacate that the Circuit Court lacked subject matter jurisdiction, personal jurisdiction, rendered a decision beyond its power, and violated the defendant's due process rights by unlawfully seizing defendant. The Commonwealth filed an Opposition to the defendant's Motion to Vacate on September 7, 2006.

*Legal Discussion*

*Circuit Court Jurisdiction*

Va. Code Ann. § 16.1-272.1 (2006) states that "any claim of error or defect under this chapter, jurisdictional or otherwise, that is not raised within one year from the date of final judgment of the circuit court or one year from the effective date of this act ... shall not constitute a ground for relief in any

judicial proceeding." Thus, all jurisdictional challenges must be filed within one year of the entry of the circuit court's final judgment or the effective date of the statute. This Court entered its final judgment in defendant's case on October 17, 2001. The instant motion was filed almost five years later. Therefore, the Court finds that the defendant waived his ability to raise this argument in light of Va. Code Ann. § 16.1-272.1's one year filing requirement.

Furthermore, even if the defendant had not waived challenges to the Court's jurisdiction, the Court actually had jurisdiction when it entered its final judgment in the defendant's case. In *Cook v. Commonwealth*, 268 Va. 111, 597 S.E.2d 84 (2004), relying on Va. Code Ann. § 16.1-271, the Virginia Supreme Court states that, once a juvenile is certified as an adult, the Juvenile and Domestic Relations Court loses jurisdiction over the juvenile in future proceedings concerning the juvenile and the matter in which he was deemed an adult. Although the defendant may have been under the age of eighteen at the time of his first trial, during the defendant's first trial, the Court certified the defendant as an adult. Consequently, the certification of the defendant as an adult divested the Juvenile and Domestic Relations Court of jurisdiction over the defendant.

### Fourth Amendment Principles

In *Tross v. Commonwealth*, 21 Va. App. 362, 374, 464 S.E.2d 523 (1995), the Virginia Court of Appeals states that "although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause." In the instant matter, the defendant argues that his Fourth Amendment rights against unlawful search and seizure were violated when he was detained after the Virginia Court of Appeals reversed his conviction in 1994 awaiting his indictment in this Court in 1995. The defendant, however, failed to raise any Fourth Amendment challenge prior to his instant Motion to Vacate. Thus, even if the defendant was detained after the Court of Appeals reversed his first conviction and before his subsequent 1995 indictment, this would not render his current conviction or sentence void under *Tross*.

Therefore, this Court denies the Defendant's Motion to Vacate.