COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Kelsey and Beales
Argued at Chesapeake, Virginia


HARLAN ANTHONY PHELPS
                                                          OPINION BY
v.      Record No. 2739-05-1                    JUDGE RANDOLPH A. BEALES
                                                          JANUARY 23, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
AND COUNTY OF JAMES CITY
Samuel Taylor Powell, III, Judge

Joel W. Young (Phillips & Bartlett, P.C.; Phillips, Bartlett &
Workman, P.C., on briefs), for appellant.

Alice T. Armstrong, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on briefs), for appellee.


Harlan Anthony Phelps appeals from his bench trial conviction of felony eluding police in

violation of Code § 46.2-817(B).  Appellant asserts "the trial court erred in denying [his] motion to

strike where there was no evidence that [appellant's] vehicle interfered with or endangered the law

enforcement vehicle or any person."  Finding that the statute's contemplation of "endanger[ing] a

person" includes appellant himself, we affirm.

I.

BACKGROUND

On appeal, "'we review the evidence in the light most favorable to the Commonwealth,

granting to it all reasonable inferences fairly deducible therefrom.'"  Peake v. Commonwealth,

46 Va. App. 35, 37, 614 S.E.2d 672, 674 (2005) (quoting Archer v. Commonwealth, 26 Va. App.

1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted)).

Here, the uncontested facts are that, at approximately one o'clock in the morning on February 9, 2005, Officer Shadrix of the James City County Police Department observed appellant driving a red Toyota Celica. Shadrix noticed that the Celica's "brake lights flashed a couple of times" and watched as appellant, who was traveling on Richmond Road, made a left-hand turn onto Chickahominy Road without utilizing the middle turn lane. Shadrix followed the vehicle and turned on his emergency lights. The vehicle continued for approximately 100 yards, and Shadrix then activated his siren.

Shadrix testified that the Celica initially maintained the speed limit, 35 miles per hour, but after the siren was activated, "the vehicle picked up [speed] rapidly." Shadrix did not know how fast the vehicle was traveling, as he was paying attention to his own driving. Shadrix continued:

> We were traveling in the area of Chickahominy Road, at that time there was a bit of construction. There was a large dip in the road and two big curves. The vehicle – we were traveling southbound on Chickahominy just prior to the address of 3385. It was the house just before that, the vehicle traveled through the northbound lane into the ditch and was traveling down the ditch and then struck the culvert for the driveway of 3385 and then flipped over.

Appellant crawled out of the wrecked car and took flight. Shadrix pursued on foot and arrested appellant. Shadrix testified that the foot chase took place in the same residential area where the car had crashed and that he finally caught up to appellant in the backyard of one of those residences.

Appellant moved to strike the evidence, arguing that "the Commonwealth ha[d] not shown that the operation of the vehicle interfered with or endangered the law enforcement vehicle or any person." The Assistant Commonwealth's Attorney, after being asked by the trial court whether there was evidence the officer was in danger, explained, "The Commonwealth's argument will be either the defendant himself was in danger or the potential of other individuals from the residential area. We are not arguing that the officer was endangered."

The trial court took the matter under advisement. Before sentencing, the trial judge stated that he found appellant "guilty as charged of evading and eluding a police officer, a felony." An appeal to this Court followed. Following oral argument, this Court ordered the parties to submit a supplemental brief discussing whether or not "a person," as contemplated in Code § 46.2-817(B), includes the defendant (appellant) himself.

II.

ANALYSIS

Code § 46.2-817(B) reads, in pertinent part:

> Any person who, having received a visible or audible signal from any law-enforcement officer to bring his motor vehicle to a stop, drives such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law-enforcement vehicle or endanger a person is guilty of a Class 6 felony.

Here, appellant argues that his actions did not actually endanger "a person" or the operation of the law enforcement vehicle and that, therefore, the evidence is insufficient to sustain his conviction. We disagree because appellant clearly endangered himself during his vehicular flight.

Under familiar principles of statutory construction, "We give the words of a statute 'their common, ordinary and accepted meaning,' absent an indication by the legislature to the contrary." Saunders v. Commonwealth, 48 Va. App. 196, 201, 629 S.E.2d 701, 703 (2006) (quoting General Trading Corp. v. Motor Vehicle Dealer Bd., 28 Va. App. 264, 268, 503 S.E.2d 809, 811 (1998)). However, we are also mindful that "'a statute should never be construed so that it leads to absurd results.'" Auer v. Commonwealth, 46 Va. App. 637, 651, 621 S.E.2d 140, 147 (2005) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)). And, as the Virginia Supreme Court has explained, the "case law uses the phrase 'absurd result' to describe situations in which the law would be internally inconsistent or

- 3 -

otherwise incapable of operation." Cook v. Commonwealth, 268 Va. 111, 116, 597 S.E.2d 84, 87 (2004).

A literal reading of the phrase "a person," as contained in Code § 46.2-817(B), and the accompanying ordinary and accepted meaning of the indefinite article "a," would include appellant in this case. Here, the uncontested facts show that appellant, while driving at a high rate of speed in an attempt to elude Officer Shadrix, crossed over the oncoming lane of traffic, drove into a ditch, struck a culvert, and flipped his own vehicle. Though Shadrix did not know exactly how fast appellant's vehicle was traveling, the vehicle's speed must have well exceeded the 35 miles per hour speed limit, since Shadrix's own vehicle was traveling 35 miles per hour before appellant's "vehicle picked up [speed] rapidly."[1] It is clear that appellant's vehicle reached a rate of speed where he was no longer able to maintain control and remain in the roadway. Therefore, by operating his vehicle in such a manner while evading and eluding a law enforcement officer, appellant endangered himself (i.e., "endanger[ed] a person") and violated Code § 46.2-817(B).

We cannot say that the legislature, in its selection of the language "endanger[s] *a person*," meant to exclude appellant, a member of the general public, from the protection afforded by Code § 46.2-817(B). This conclusion is reinforced by language in other sections of Title 46.2 where the General Assembly used the phrase "another person" to specifically exclude an offending individual from the public-at-large. See Code §§ 46.2-865.1(A) (punishing a driver engaging in a race that results in the death or injury of "another person") and 46.2-868.1(A) (defining and punishing aggressive driving; requiring an intent to "injure or obstruct another person"). Therefore, our interpretation of the language "a person" found in Code § 46.2-817(B), and its subsequent application to the facts of this case, does not render the law in this area

---

[1] As noted above, the Commonwealth did not argue that Officer Shadrix was in danger.

- 4 -

"internally inconsistent or otherwise incapable of operation," <u>Cook</u>, 268 Va. at 116, 597 S.E.2d at 87, and, accordingly, our interpretation certainly does not lead to an absurd result.

III.

CONCLUSION

We affirm appellant's conviction. The Commonwealth proved that appellant ("a person") endangered himself while seeking to evade and elude Officer Shadrix.[2] Accordingly, the trial court did not err in finding him guilty beyond a reasonable doubt of violating Code § 46.2-817(B).

<u>Affirmed.</u>

---

[2] Because we find that appellant is "a person," as noted in Code § 46.2-817(B), we need not address whether other "person[s]" were "endanger[ed]" by appellant's actions – i.e., those who might have been traveling the same road on that night or who might have occupied the homes adjacent to where appellant's car crashed.