COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Clements and Petty
Argued at Salem, Virginia


SHAUN K-YUNG CLARK

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0443-07-3                     JUDGE WILLIAM G. PETTY
                                                            JUNE 3, 2008
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                        J. Leyburn Mosby, Jr., Judge

        Glenn L. Berger (Berger & Thornhill, on brief), for appellant. [**]

        J. Robert Bryden, II, Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief), for appellee.


        A jury convicted appellant, Shaun K-Yung Clark, for possession of a firearm while

distributing or possessing with the intent to distribute cocaine, in violation of Code § 18.2-308.4.[1]

He now appeals that conviction, arguing: (1) that the trial court erred in admitting "evidence that

citizens had previously complained about crimes in the area where the defendant was arrested" and

(2) that the "evidence failed to prove that the defendant possessed a firearm and cocaine in violation

of . . . Code § 18.2-308.4(c), in that the firearm was not displayed nor used in a threatening

manner." For the reasons expressed below, we conclude that Clark failed to preserve his sufficiency

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[**] Joseph A. Sanzone represented appellant at trial.

[1] Clark was also indicted for obstructing justice, in violation of Code § 18.2-460(C),
possession of cocaine with intent to distribute, in violation of Code § 18.2-248, and illegal
gambling, in violation of Code § 18.2-325. Clark pleaded guilty to all of the charges except for the
firearm charge that is the subject of this appeal.

of the evidence argument for review. We further hold that any trial court error in admitting the evidence in question was harmless. Accordingly, we affirm Clark's conviction.

## I. BACKGROUND

"[W]e view the evidence on appeal in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Wright v. Commonwealth, 224 Va. 502, 505, 297 S.E.2d 711, 713 (1982). On April 2, 2006, Lynchburg Police Investigator Ann Riley was conducting surveillance in the 1000 block of Cabell Street and the 500 block of Amherst Street in the City of Lynchburg in response to citizen complaints of illegal drug and gambling activity. From her concealed vantage point, Investigator Riley observed a group of people, including Clark, playing dice and exchanging money in the middle of the street. She then notified two other police officers and requested that they respond and arrest the participants.

When the officers attempted to take Clark into custody he fled on foot to his car. By the time the officers caught Clark he was already in the driver's seat of the car and was attempting to close the door. The two officers then placed him under arrest for illegal gambling. During a search incident to the arrest, the police found $265 in cash and a "plastic baggy with several off-white chunks in it" in Clark's pockets. The "off-white chunks" were later found to be 2.77 grams of crack cocaine. After the officers found the cocaine, they placed Clark in the police cruiser and searched his car. In the car's glove compartment, the officers found a plastic sandwich baggies box that contained a plastic sandwich bag and two razor blades. The officers also found a loaded .38 caliber revolver in the glove compartment that was later determined to be a working firearm. Clark admitted that the gun was his and told the police that he kept it for protection.[2] He also told police that he was in the process of delivering the cocaine to another person when he was arrested.

---

[2] At trial Clark recanted his admission that the gun was his. He testified that it belonged to his mother. He did not, however, deny knowing the gun was in the car.

The jury convicted Clark of possession of a firearm while distributing or possessing with the intent to distribute cocaine, and this appeal followed.

## II. ANALYSIS

### Admissibility of Evidence

Clark argues that the trial court erred by admitting Investigator Riley's testimony that citizens had previously complained about crimes in the area. He argues that the evidence was not relevant, and, in the alternative, even if the evidence were relevant, it was unduly prejudicial. Assuming for the sake of argument that the admission of this evidence was erroneous, we conclude that such error was harmless on the facts of this case.

During his opening statement the prosecutor told the jury that Investigator Riley was conducting surveillance in an area "known to be a high drug area; there are a lot complaints [sic] from drug dealing." Clark's attorney objected and moved for a mistrial, arguing that the statement was irrelevant, involved "prior bad acts of some other person not even my client" and that it constituted hearsay. The prosecutor responded that the evidence would explain the officer's presence at that location and was also relevant to show "[t]he fact that the defendant is a drug dealer and he's in an open air drug market." The trial court ruled that the evidence was relevant to show "what the officers were doing" in the area. The trial court then gave the following instruction to the jury:

> [T]he [assistant] Commonwealth's attorney[] was talking about the area being a high crime area or an area known to be a drug area; that's really not to be used against Mr. Clark . . . . That's just to show why the officer was there. It's not any implication that Mr. Clark was involved in any high crime area or that type of thing or they have any evidence to suspect Mr. Clark of being over there that day.

On direct examination, Investigator Riley testified that she was conducting surveillance because of complaints she had received regarding multiple criminal violations in the area.

The decision to refuse or admit evidence is a matter within the discretion of the trial court. Swisher v. Commonwealth, 256 Va. 471, 487, 506 S.E.2d 763, 772 (1998). A trial court's discretionary ruling will not be disturbed on appeal absent a clear abuse of discretion. Clozza v. Commonwealth, 228 Va. 124, 135, 321 S.E.2d 273, 280 (1984). "A non-constitutional error, such as the erroneous admission of evidence, is harmless 'when it plainly appears from the record and the evidence given at trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Harris v. Commonwealth, 27 Va. App. 554, 568, 500 S.E.2d 257, 263 (1998) (quoting Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (*en banc*)).

The first step in determining whether error is harmless is to determine whether the trial court gave a curative instruction. See Lavinder, 12 Va. App. at 1007, 407 S.E.2d at 912. "If the record reveals that the trial court promptly instructed the jury to disregard the effect of erroneously admitted evidence, the reviewing court may assume that the jury followed that instruction unless the record 'suggests a manifest probability that it did not.'" Id. (quoting Boykins v. Commonwealth, 210 Va. 309, 313, 170 S.E.2d 771, 774 (1969)).

Here, the trial court immediately instructed the jury that any evidence regarding citizen complaints of criminal activity in the area was being introduced solely to explain why the officer was conducting surreptitious surveillance. The instruction emphasized that the area's reputation was not to be considered as evidence of Clark's guilt. In light of the other, overwhelming evidence of Clark's guilt, we cannot say that there is a manifest probability that the jury disregarded the trial court's cautionary instruction on this record. See Rose v. Commonwealth, 270 Va. 3, 12, 613 S.E.2d 454, 459 (2005). Thus, Clark "had a fair trial on the merits and substantial justice has been reached." Code § 8.01-678.

Clark's trial counsel moved to strike the evidence both at the conclusion of the Commonwealth's evidence and at the close of all evidence. The defense attorney argued: "I don't think there's any evidence he was in possession of the drug while he was in a position to be in possession of the firearm . . . ." According to the defense, another person gave Clark the drugs after Clark had gotten out of his vehicle that afternoon, and he had not completely gotten back into his car – where the firearm was located – before his arrest. Hence, the defense reasoned, Clark never possessed the gun and the drugs at the same time.

Clark's argument on appeal, however, is quite different. Clark now contends that we should reverse his conviction because "[t]he facts in this case show that at most, the possession of the firearm was constructive possession . . . . The firearm was never held, used nor brandished by him. No one was ever threatened with the firearm." Clark concludes: "If the statute is interpreted strictly . . . the evidence was insufficient to convict him . . . ." Clark goes on to make a statutory construction argument, concluding that Code § 18.2-308.4(C),[3] properly read, requires that the Commonwealth prove that an accused "possess[ed]" a firearm "in a threatening manner" while engaged in, *inter alia*, "the possession with the intent to . . . sell . . . a controlled substance."

We have held on numerous occasions that where an appellant fails to state the alleged error with specificity to the trial court, he or she will not be heard to complain on appeal. Rule 5A:18; see, e.g., Miller v. Commonwealth, 22 Va. App. 497, 471 S.E.2d 180 (1996).

---

[3] Code § 18.2-308.4(C) states, in pertinent part:

> It shall be unlawful for any person to possess, use, or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit the illegal manufacture, sale, distribution, or the possession with the intent to manufacture, sell, or distribute a controlled substance . . . .

Recognizing this, Clark concedes that he did not preserve this issue, but contends that this Court should consider his argument based on the "ends of justice" exception to Rule 5A:18.

Rule 5A:18 provides for consideration of a ruling by the trial court that was not objected to at trial "to enable the Court of Appeals to attain the ends of justice." "'The ends of justice exception is narrow and is to be used sparingly,'" when an error at trial is "'clear, substantial and material.'" Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 10-11 (1989)). "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Id. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).

> In order to show that a miscarriage of justice has occurred, an appellant must demonstrate more than that the Commonwealth failed to prove an element of the offense. . . . The appellant must demonstrate that he or she was convicted for conduct that was not a criminal offense or the record must affirmatively prove that an element of the offense did not occur.

Id. at 221-22, 487 S.E.2d at 272-73.

Under Clark's interpretation of the statute, the phrase "in a threatening manner" must be read to modify all the verbs in the sentence, not just the verb "display." He argues that this phrase is an element of the offense that the Commonwealth must prove. Were we to accept Clark's construction of Code § 18.2-308.4(C), Clark would be correct that the evidence adduced at trial was insufficient to prove that he "possessed" the firearm in a "threatening manner" and thus he would have been convicted of conduct that was not criminal. Therefore, we consider his argument solely to determine whether the ends of justice exception to Rule 5A:18 applies.

The portion of the statute at issue makes it illegal to "possess, use, or attempt to use any pistol, shotgun, rifle, or other firearm *or* display such weapon in a threatening manner . . . ."

Code § 18.2-308.4(C) (emphasis added). A plain reading of the statute indicates that the phrase "in a threatening manner" only modifies the verb immediately preceding it. Cf. Smoot v. Commonwealth, 37 Va. App. 495, 501, 559 S.E.2d 409, 412 (2002) ("[T]he word 'or' connects two parts of a sentence, 'but disconnects their meaning.'" (quoting Ruben v. Sec'y of HHS, 22 Cl. Ct. 264, 266 (1991))).

Furthermore, we are precluded from construing "a statute . . . so that it leads to absurd results." Auer v. Commonwealth, 46 Va. App. 637, 651, 621 S.E.2d 140, 147 (2005); see also Cook v. Commonwealth, 268 Va. 111, 116, 597 S.E.2d 84, 87 (2004) ("[T]he phrase 'absurd result' [describes] situations in which the law would be internally inconsistent or otherwise incapable of operation."); Phelps v. Commonwealth, 49 Va. App. 265, 268, 639 S.E.2d 689, 691 (2007). Precisely how one would "possess" a firearm "in a threatening manner" is difficult to comprehend, much less differentiate from displaying a firearm in a threatening manner. Cf. Bd. of Supervisors v. Wood, 213 Va. 545, 548, 193 S.E.2d 671, 674 (1973) (noting that a court may not simply ignore words in a statute).

We cannot accept Clark's argument because the plain and unambiguous language of this statute leads us to the opposite conclusion:

> If language is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it. When an enactment is clear and unequivocal, general rules for construction of statutes of doubtful meaning do not apply. Therefore, when the language of an enactment is free from ambiguity . . . we take the words as written to determine their meaning.

Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985) (citations omitted).

Because the language of the statute is plain on its face, we need not resort to the rules of statutory construction. Accordingly, we are unpersuaded by Clark's statutory construction argument. Because we do not believe the Commonwealth was required to prove that Clark

possessed the firearm "in a threatening manner" we conclude that Clark has not demonstrated that a miscarriage of justice occurred in this case. Therefore, the ends of justice exception to Rule 5A:18 is not applicable.

### III. CONCLUSION

For the reasons discussed above, we affirm the conviction.

Affirmed.
