COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Judges Humphreys, Beales and Alston
Argued at Richmond, Virginia


THORMAC, LLC, d/b/a McCORMACK'S WHISKY
  GRILL AND SMOKEHOUSE
                                                          OPINION BY
v.        Record No. 0100-17-2              JUDGE RANDOLPH A. BEALES
                                                    NOVEMBER 28, 2017
DEPARTMENT OF ALCOHOLIC BEVERAGE
  CONTROL AND VIRGINIA ALCOHOLIC BEVERAGE
  CONTROL BOARD


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Joi J. Taylor, Judge

              Cameron W. Gilbert for appellant.

              James M. Flaherty, Assistant Attorney General (Mark R. Herring,
              Attorney General; John W. Daniel, II, Deputy Attorney General;
              Heather Hays Lockerman, Senior Assistant Attorney General &
              Section Chief, on brief), for appellees.


        Thormac, LLC, d/b/a McCormack's Whisky Grill and Smokehouse ("appellant") appeals

from the January 6, 2017 decision of the Circuit Court of the City of Richmond.  The circuit

court in its opinion upholds the decision of the Virginia Alcoholic Beverage Control Board ("the

ABC Board") suspending appellant's alcoholic beverage license for seven days and imposing a

$500 fine on appellant for its failure to comply with Code § 4.1-210, which requires that food

sales be at least forty-five percent of the combined gross receipts from the sale of mixed

beverages and food (the "food-beverage ratio").  Appellant assigns seven assignments of error to

the circuit court's decision.  Appellant claims the circuit court erred in:  (1) "issuing a boilerplate

decision and order that failed to address the contentions briefed and argued by the parties";

(2) "finding that Appellees did not abuse their discretion where the majority of the Appellee Board

misapprehended that the Board lacks the discretion to find no violation or excuse any violation under the facts and circumstances of this matter"; (3) "in failing to find that the doctrine of substantial compliance applies to this matter"; (4) "in failing to find that Appellant substantially complied with the subject statute on the facts and circumstances of this case"; (5) "in finding that [Appellees] did not act arbitrarily and capriciously in finding a violation of Va. Code § 4.1-210 in this matter"; (6) "in failing to find that [Appellees'] finding a violation of Va. Code § 4.1-210 and imposing a penalty in this matter bears no rational relationship to the stated purpose of the applicable statutes"; and (7) "in upholding [Appellees'] interpretation of Va. Code § 4.1-210 that leads to a patently absurd result." On each of appellant's assignments of error, we affirm the decision of the circuit court.

## I. BACKGROUND

The facts of this case are undisputed. On August 10, 2015, the Virginia Department of Alcoholic Beverage Control ("ABC") charged appellant, a restaurant located at 204 N. Robinson Street in Richmond, Virginia, with the failure to comply with the food-beverage ratio. Specifically, the charge against appellant stated that "[d]uring the preceding license year, March 1, 2014 through February 28, 2015, the gross receipts from the sale of food and nonalcoholic beverages at the licensed establishment were less than forty-five percent of the gross receipts from the sale of mixed beverages and food, in violation of Sections 4.1-210, 4.1-114, and 4.1-225 1.b of the Code of Virginia."

Appellant prides itself on offering a variety of premium distilled spirits and craft cocktails. The restaurant serves large quantities of food, with its entrees costing an average of $22 to $24 each. The price of a shot of liquor there ranges from $7.25 to approximately $2,000. For the license year March 1, 2014 through February 28, 2015, appellant's total sales for food and nonalcoholic beverages were $159,651 and its total sales for mixed beverages were

$245,306. Thus, 39.42% of the restaurant's total sales were derived from food and nonalcoholic beverages while 60.58% of the sales were derived from the sale of mixed beverages.

A hearing on the charge was held on September 8, 2015 before Administrative Hearing Officer Sara Gilliam ("Gilliam"). At the hearing, ABC Special Agent Kristopher Burnette testified that he had visited the restaurant and found that it had a large food inventory and that it sells a significant amount of food. William McCormack (Mr. McCormack), the owner, testified that although the restaurant sells more food than liquor, it has difficulty meeting the food-beverage ratio because the restaurant offers expensive, premium liquors and the ratio is based on sales, not volume. For example, if a customer purchases an appetizer, steak, and salad for approximately $60 the cost of the sale of the food will be offset if the customer purchases a single shot of premium whiskey for $350. Mr. McCormack claimed that the restaurant could not remedy the violation by increasing the price of food because its entrees would exceed the market price for food and result in customers going elsewhere. Appellant had also received written warnings from ABC for failing to meet the food-beverage ratio in 2011 and 2014.

Following the hearing, Gilliam issued an opinion finding that the charge against appellant for violating the food-beverage ratio was substantiated (the "Initial Decision"). Relying on the ABC Board's guidelines (the "Guidelines"), which were issued pursuant to a directive from the Virginia General Assembly in Chapter 661, 2013 Acts of the General Assembly (SB 1349), Gilliam assessed a thirty-day suspension of appellant's mixed-beverage license. As dictated by the Guidelines, the suspension would be reduced to fifteen days upon the payment of a $1,000 civil penalty.

Appellant appealed from the Initial Decision, and the appeal was heard by the Virginia Alcoholic Beverage Control Board on February 23, 2016. After the hearing, on April 5, 2016, the ABC Board issued a 2-1 decision and special notice of modification reducing appellant's

suspension to seven days, or the payment of a $500 fine (the "Final Decision"). In support of its decision to modify the penalty, the ABC Board included a brief history on the food-beverage ratio and the Guidelines.[1] The Final Decision also acknowledged that, although appellant was unable to comply with the food-beverage ratio, appellant's "conduct is not contrary to the statutory purpose of ensuring that restaurants sell sufficient amounts of food alongside mixed beverages." The Final Decision further explained that, although departure from Guidelines was necessary in this case, "the Board cannot ignore that the legislature continues to require mixed beverage restaurants to maintain a certain food-beverage ratio, and the Board must be mindful of its statutory obligation to annually review such ratio pursuant to Section 4.1-114 of the Code."

Appellant appealed to the Circuit Court of the City of Richmond, which affirmed the Final Decision. Appellant timely filed a notice of appeal to this Court.

II. ANALYSIS

Appellant, as the party complaining of the agency's action, has the burden to designate and demonstrate an error of law subject to review by this Court. See Code § 2.2-4027. Such issues of law include:

> (i) accordance with constitutional right, power, privilege, or immunity, (ii) compliance with statutory authority, jurisdiction limitations, or right as provided in the basic laws as to subject matter, the stated objectives for which regulations may be made, and the factual showing respecting violations or entitlement in connection with case decisions, (iii) observance of required procedure where any failure therein is not mere harmless error, and (iv) the substantiality of the evidentiary support for findings of fact.

Code § 2.2-4027. When reviewing issues of law, the court must review the decision *de novo*. Id. Our review of an agency's factual findings "is limited to determining whether substantial

---

[1] In the Final Decision, the ABC Board notes that originally, mixed beverage licensees were required to sell more food than alcoholic beverages, including wine and beer. In 1990, however, beer and wine sales were excluded from the ratio requirement.

evidence in the agency record supports its decision." Avante at Lynchburg, Inc. v. Teefey, 28 Va. App. 156, 160, 502 S.E.2d 708, 710 (1998).

However, "[w]here the question involves an interpretation which is within the specialized competence of the agency and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts." Johnston-Willis, Ltd. v. Kenley, 6 Va. App. 231, 244, 369 S.E.2d 1, 8 (1988). Where discretion has been delegated to an administrative agency, the reviewing court may not "exercise anew the jurisdiction of the administrative agency and merely substitute its own independent judgment for that of the body entrusted by the Legislature with the administrative function." Va. Alcoholic Bev. Control Comm'n v. York Street Inn, Inc., 220 Va. 310, 315, 257 S.E.2d 851, 855 (1979) (quoting Schmidt v. Bd. of Adjustment of the City of Newark, 88 A.2d 607, 615-16 (N.J. 1952)). In such cases, the court can only grant relief for "arbitrary or capricious action that constitutes a clear abuse of the delegated discretion." Id.

A. The Circuit Court's Review of the ABC Board's Decision

In its first assignment of error, appellant argues that the circuit court merely "rubber-stamped" the ABC Board's Final Decision and impermissibly failed to perform the necessary legal analysis. In support of its argument, appellant claims that the circuit court's order provides no analysis or discussion regarding the food-beverage ratio, the legal issues presented in the parties' briefs, or the applicability of the substantial compliance doctrine.

Under the Virginia Administrative Process Act, a circuit court undertaking the review of an agency decision acts in a manner "equivalent to an appellate court's role in an appeal from a trial court." Giannoukos v. Va. Bd. of Med. & Dep't of Health Professions, 44 Va. App. 694, 698, 607 S.E.2d 136, 138 (2005) (quoting J.P. v. Carter, 24 Va. App. 707, 721, 485 S.E.2d 162, 169 (1997)). "In this sense, the General Assembly has provided that a circuit court acts as an

appellate tribunal." Id. (citing Gordon v. Allen, 24 Va. App. 272, 277, 482 S.E.2d 66, 68 (1997)).

Appellant's claim that the circuit court "rubber-stamped" the decision of the ABC Board fails for two reasons. First, appellant fails to identify any statute or case law that requires the circuit court, when acting in its capacity as an appellate reviewer, to outline its reasoning for affirming the agency in substantial detail in its opinion. Second, even if the circuit court were required to provide its reasoning, the circuit court's order sufficiently identifies the basis for its conclusion.

The circuit court's order states that the court reviewed the administrative record, the relevant statutory provisions, and the arguments of counsel. After considering this information, and applying the appropriate standard of review to the ABC Board's decision, the circuit court concluded that the ABC Board "did not abuse its discretion or act arbitrarily or capriciously." We affirm the circuit court on this assignment of error.

### B. The ABC Board's Discretion to Impose a Penalty

In its second assignment of error, appellant argues that the circuit court erred in affirming the decision of the ABC Board because the ABC Board, when issuing its Final Decision, was under the mistaken impression that it lacked discretion to *not* impose a penalty on appellant. As evidence for its argument, appellant relies on the partial dissent in the Final Decision penned by Commissioner Napier. In the dissent, Napier concurs with the findings of fact and the substantiation of the charge. However, Napier disagrees with the imposition of the punishment and instead states that, due to the unique circumstances of the restaurant, she "would exercise the discretion granted to the Board in Section 4.1-225 of the Code of Virginia and not impose a penalty against this licensee."

Appellant further claims that the majority opinion's statement that "[w]hile a departure from the Guidelines is justified here, the Board cannot ignore that the legislature continues to require mixed beverage restaurants to maintain a certain food-beverage ratio, and the Board must be mindful of its statutory obligation to annually review such ratio pursuant to Section 4.1-114 of the Code" is evidence that the ABC Board majority believed it was only permitted to reduce the penalty rather than waive it entirely. Given the legal analysis in the ABC Board's dissent explaining that imposition of any penalty is permissive, appellant claims it is clear that the majority mistakenly believed it was required to impose at least some form of penalty.

However, the ABC Board's majority opinion clearly recognizes the ABC Board's broad discretion to deviate from the Guidelines, as shown by its decision to impose a lesser sentence than prescribed. At no point does the majority state that it does not have the authority to waive a penalty completely. Its statement that the "Board cannot ignore that the legislature continues to require mixed beverage restaurants to maintain a certain food-beverage ratio" is not an admission of the ABC Board's limited discretion. Instead, the statement is recognition of the legislature's bright-line requirement that mixed beverage restaurants must comply with the food-beverage ratio which it set by statute – and that appellant indisputably failed to do so.

Furthermore, although Commissioner Napier's dissent does provide statutory support for its proposition that the ABC Board need not impose any penalty, it does not accuse the majority of reaching its decision because it erroneously believed that the ABC Board simply lacked the discretion to decline to impose a penalty. Instead, the discussion regarding the permissive nature of the relevant statutes and regarding the ABC Board's wide discretion appears to be offered purely as justification for the dissenter's opinion that she would not impose a penalty under these circumstances. Therefore, on the second assignment of error as well, we affirm the circuit court's decision affirming the ABC Board.

C.  Substantial Compliance

Appellant argues that the circuit court erred in affirming the decision of the ABC Board because the ABC Board abused its discretion by acting under the mistaken belief that it lacked the authority to find that appellant substantially complied with the food-beverage ratio. Appellant further argues that, although this was a mistake of law that requires reversal, this Court can conclusively determine from the record that appellant substantially complied with the food-beverage ratio.  Appellant claims that, because the record illustrates that appellant sold sufficient amounts of food to be a restaurant and because its failure to maintain the proper ratio lies in its decision to sell high-priced spirits, it is not acting contrary to the statute's purpose of avoiding "gin mills" posing as restaurants, and must be found to have substantially complied with the statute.

Appellant advocates that this Court apply an abuse of discretion standard and hold that the ABC Board made an error of law.  In an appeal subject to the Virginia Administrative Process Act, appellant, as the party complaining of agency error, bears the burden of demonstrating that the ABC Board committed an error of law subject to judicial review.  See Code 2.2-4027.  Though errors of law are generally reviewed *de novo*, where the issue "is within the specialized competence of the agency and the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts." Johnston-Willis, Ltd., 6 Va. App. at 244, 369 S.E.2d at 8.  When the agency has been granted wide discretion, the reviewing court may only reverse where the agency's action is "arbitrary and capricious" and "a clear abuse of the delegated discretion."  York Street Inn, 220 Va. at 315, 257 S.E.2d at 855.

The facts in this case are undisputed, and the issue of whether the ABC Board erred in failing to apply the substantial compliance doctrine (and in choosing to impose a penalty) is

governed by the standards set forth in Johnston-Willis, Ltd.  The decision to impose a penalty is one within the "specialized competence" of the ABC Board for which the ABC Board has been entrusted with "wide discretion by the General Assembly."  The General Assembly gave the ABC Board the authority to grant mixed-beverage licenses to establishments meeting the appropriate requirements, including the food-beverage ratio – as well as wide discretion to determine when those establishments can be penalized for violating those requirements.  See Code § 4.1-210(A)(1) (providing that the ABC Board *may* grant licenses to entities meeting requirements); Code § 4.1-225 (ABC Board *may* suspend or revoke licenses if it has reason to believe certain circumstances exist); Code § 4.1-114 (providing if food-beverage ratio not met, "the license granted to the licensee *may* be suspended or revoked" (emphasis added)).  Moreover, the General Assembly directed the ABC Board to create its own Guidelines outlining the degrees of sanctions for violations of the food-beverage ratio.  See Virginia Department of Alcoholic Beverage Control, Mixed Beverage Food-To-Beverage Ratio Report, Gen. Assem. Rep. Doc. No. 192, at 5 (Va. 2013).  As a result of the significant discretion afforded to the ABC Board in the determination of penalties, this Court must affirm the circuit court's ruling unless the ABC Board's decision was arbitrary and capricious.

"Actions are defined as arbitrary and capricious when they are 'willful and unreasonable' and taken 'without consideration or in disregard of facts or law or without determining principle.'"  School Bd. v. Wescott, 254 Va. 218, 224, 492 S.E.2d 146, 150 (1997) (quoting Black's Law Dictionary 105 (6th ed. 1990)).  In this case, the ABC Board's decision was clearly made after thorough consideration of the facts and the relevant law.  After hearing the arguments of counsel, including arguments about substantial compliance, the ABC Board reviewed and adopted the undisputed factual findings of the Initial Decision, including the finding that 39.42% of the restaurant's total sales were derived from food and nonalcoholic

beverages while 60.58% of the total sales were derived from the sale of mixed beverages. Then, after summarizing some of the legislative history of the food-beverage ratio and the Guidelines, the ABC Board explained its reasoning for deviating from the Guidelines to impose a less severe sentence. The ABC Board's Final Decision illustrates that, although the ABC Board understood the difficulty appellant faced with regard to complying with the ratio, it still believed a penalty was warranted because appellant undeniably violated the statute. Acting within its discretion, the ABC Board chose not to apply the substantial compliance doctrine and instead imposed a penalty, as it was permitted to do by the General Assembly. See Code § 4.1-114. Therefore, we affirm the decision of the circuit court that upheld the ABC Board's decision because the ABC Board's decision was not arbitrary and capricious.

### D. The Statute's Purpose

Appellant argues that the ABC Board's suspension of appellant's beverage license bears no rational relationship to the purpose of the relevant statutes and leads to a "patently absurd result." Appellant claims that, because it is undisputed that appellant sells a sufficient amount of food to qualify as a restaurant and since the high cost of the liquors it sells serves as a deterrent to excessive drinking, appellant conforms with the purposes and goals of the ratio. Appellant claims that penalizing it for violating the ratio is more absurd when considering the fact that wine and craft beer − which may have higher alcohol contents − are exempt from the ratio. According to appellant, allowing the ABC Board to penalize it would encourage restaurants to sell excessive amounts of cheap alcohol, contrary to the statute's intended purpose.

"Under basic rules of statutory construction, [the court will] consider the language of . . . statutes to determine the General Assembly's intent from the words contained therein, unless a literal construction would yield an absurd result." Mozley v. Prestwould Bd. of Dirs., 264 Va. 549, 554, 570 S.E.2d 817, 820 (2002). Virginia case law "uses the phrase 'absurd result' to

describe situations in which the law would be internally inconsistent or otherwise incapable of operation." Cook v. Commonwealth, 268 Va. 111, 116, 597 S.E.2d 84, 87 (2004). What is clear is that the Supreme Court's case law "does not stand for the proposition that a court may ignore the plain meaning of a statute that produces a result that may appear to be unwise." Id. An absurd result is not produced where "it is entirely possible to carry out the law as written in unambiguous terms in a manner consistent with the General Assembly's apparent intent." Id.

Here, the plain language of the relevant statutes clearly gives the ABC Board the discretion to impose the penalty. Pursuant to Code § 4.1-210(A)(1), the ABC Board may grant mixed beverage licenses to restaurants "whose gross receipts from the sale of food cooked or prepared, and consumed on the premises and nonalcoholic beverages served on the premises, after issuance of such license, amount to at least 45 percent of the gross receipts from the sale of mixed beverages and food." In accordance with Code § 4.1-225(1)(b), the ABC Board may suspend or revoke the license of any establishment for failing to meet the requirements necessary to obtain an original license. In addition, Code § 4.1-114 specifically states

> The Board shall at least annually review the operations of each establishment holding a mixed beverage restaurant license . . . to determine whether during the preceding license year such licensee has met the food-beverage ratio required by § 4.1-210. If not met, the license granted to such licensee may be suspended or revoked.

Given that the statutes clearly permit the ABC Board to suspend appellant's license for failing to meet the required food-beverage ratio, this Court cannot ignore the plain statutory language, and we must affirm the ABC Board's decision to exercise its discretion of issuing a penalty.

Furthermore, the ABC Board's imposition of the penalty does not lead to a "patently absurd result" as appellant describes it in his final assignment of error. The ABC Board's interpretation that it was permitted to impose a penalty, even though appellant indisputably

serves a substantial amount of food, does not render the law internally inconsistent or inoperable. See Cook, 268 Va. at 116, 597 S.E.2d at 87. Instead, the ABC Board's decision is consistent with the plain letter of the law. The lesser penalty imposed reflects the ABC Board's decision that appellant's violation of the ratio the General Assembly created to ensure that mixed beverage restaurants serve an appropriate amount of food was a relatively minor one in the eyes of the ABC Board. The result is not "patently absurd" simply because appellant considers it unwise. See id.

Ultimately, appellant asks us to rewrite the food-beverage ratio to exempt appellant from its requirements. We refuse to do so as it is our role to interpret the statutes – not to make the law. See, e.g., Barr v. Town & Country Props., Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990) ("Courts are not permitted to rewrite statutes. This is a legislative function."). See also Herrel v. Commonwealth, 28 Va. App. 579, 584-85, 507 S.E.2d 633, 636 (1998) ("Absent ambiguity, 'the manifest intent of the legislature clearly expressed in its enactments should not be judicially thwarted under the guise of statutory construction.'" (citing Cregger v. Commonwealth, 25 Va. App. 87, 90, 486 S.E.2d 554, 555 (1997))).

Code § 4.1-210 requires that the "gross receipts from the sale of food cooked or prepared, and consumed on the premises and nonalcoholic beverages served on the premises, after issuance of such license, amount to at least 45 percent of the gross receipts from the sale of mixed beverages and food." Code § 4.1-114 specifically permits the ABC Board to suspend or revoke a licensee's license for violating that food-beverage ratio. Appellant did not meet the ratio under Code § 4.1-210 and was, consequently, penalized pursuant to Code § 4.1-114. Given this plain statutory language, we affirm the circuit court's decision upholding the Final Decision of the ABC Board.

III. CONCLUSION

In short, we affirm the decision of the circuit court, which upheld the decision of the ABC Board. The circuit court's appellate order was not simply a "rubber stamp" of the ABC Board's decision below. The ABC Board was authorized by the General Assembly to penalize appellant for failing to comply with the food-beverage ratio (which failure appellant does not dispute). The ABC Board was not obligated to overlook appellant's violation and certainly not required to refuse to impose any penalty at all. Furthermore, the circuit court did not err in failing to find that the imposition of a penalty on appellant bears no rational relationship to the applicable statutes' purposes – or in not concluding that the ABC Board's interpretation of § 4.1-210 leads to an "absurd result." Appellant's true grievance lies with the food-beverage ratio itself. Only the General Assembly can change a statute – not the courts. We affirm the circuit court's decision upholding the decision of the ABC Board.

Affirmed.