**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1057-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LAMONT-O'SHEA DOUGLAS
a/k/a LAMONT O. DOUGLAS,

    Defendant-Appellant.

_____

Submitted November 27, 2023 — Decided December 13, 2023

Before Judges Mawla and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, SN 1159899/OS 0186711.

Lamont-O'shea Douglas, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Carol M. Henderson, Assistant Attorney General, of counsel and on the brief.)

PER CURIAM

Defendant Lamont-O'shea Douglas appeals from a November 2, 2022 order denying his pro se motion for a reduction or change of sentence under Rule 3:21-10(b)(2). We affirm.

In Virginia, in 1995, defendant was convicted and sentenced to thirty years' incarceration for robbery and use of a sawed-off shotgun. Commonwealth v. Douglas, 72 Va. Cir. 385 (2007). After numerous petitions to both the Virginia Court of Appeals and the Virginia Supreme Court, the convictions and sentence were affirmed. Ibid.

Approximately six years ago, defendant was transferred to New Jersey to continue serving his sentence pursuant to the Interstate Corrections Compact ("Compact"). N.J.S.A. 30:7C-1 to -12; Va. Code Ann. § 53.1-216. This Compact "empowers New Jersey to enter into contracts with other states 'for the confinement of inmates on behalf of a sending state in institutions situated within receiving states.'" Van Wickle v. N.J. Dep't of Corr., 370 N.J. Super. 40, 45 (App. Div. 2004) (quoting N.J.S.A. 30:7C-4(a)).

In 2021, defendant filed a motion for a reduction or change of sentence pursuant to Rule 3:21-10(b)(2) claiming he should be released due to the ongoing health and safety concerns related to the COVID-19 pandemic. On November 1, 2022, the trial court denied defendant's motion, instructing

defendant to petition the Virginia court system because New Jersey lacked jurisdiction to modify a sentence set by another State.

On appeal, defendant advances the following arguments:

Point I.

The trial court erred in holding the court lacked jurisdiction to hear this case and controversy.

Point II.

The trial judge erred in not applying [t]he [l]ex loci [delicti] doctrine.

Rule 3:21-10(b)(2) allows for the amendment of a custodial sentence to permit a defendant's release from custody because of the illness or infirmity of the defendant. State v. Chavies, 247 N.J. 245, 249 (2021). This Rule does not create a judicial furlough program where a defendant is temporarily released for medical treatment and then returned to custody, but rather it is a complete release from a custodial sentence with no conditions or supervision. In re Request to Modify Prison Sentences, 242 N.J. 357, 378-79 (2020). See also State v. Priester, 99 N.J. 123, 132 (1985); State v. Boone, 262 N.J. Super 220 (Law Div. 1992). "As with sentencing, the scope of appellate review of a trial court's decision to grant or deny a Rule 3:21-10(b)(2) motion is whether the trial court abused its discretion." Chavies, 247 N.J. at 257 (quoting Priester, 99 N.J. at 137) (internal quotation marks omitted). "A

court abuses its discretion when its 'decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis."'" Ibid. (quoting State v. R.Y., 242 N.J. 48, 65, (2020)).  Since Rule 3:21-10(b)(2) "offers extraordinary relief to" prisoners, it "must be applied prudently, sparingly, and cautiously." Priester, 99 N.J. at 135.

Issues of law, however, are subject to de novo review, and the trial court's determination of such issues is accorded no deference. Kaye v. Rosefielde, 223 N.J. 218, 229 (2015).  As such, "[a]ppellate review of a ruling on jurisdiction is plenary because the question of jurisdiction is a question of law." Rippon v. Smigel, 449 N.J. Super. 344, 358 (App. Div. 2017).

Defendant committed his offenses, was convicted, and sentenced in the sending state of Virginia.  Both the Compacts of Virginia and New Jersey state that "Inmates confined in an institution pursuant to the terms of this compact shall at all times be subject to the jurisdiction of the sending state . . . for release on probation or parole, for discharge, or for any other purpose permitted by the laws of the sending state . . . ."  Va. Code Ann. § 53.1-216, Article IV(c); N.J.S.A. § 30:7C-5(c).  Any order to modify defendant's sentence or place of confinement must therefore be made in the Virginia courts.  The New Jersey courts do not have jurisdiction over offenses committed in other states or

sentences imposed in other jurisdictions.  N.J.S.A. 2C:1-3.  Therefore, we are convinced defendant's New Jersey application for release was properly denied.

Defendant's other arguments, including the trial judge's failure to apply the lex loci delicti doctrine, lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1057-22