COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


JOSEPH WILMER GILLEY, JR.

v.          Record No. 0048-95-2                OPINION BY
                                       JUDGE JERE M. H. WILLIS, JR.
COMMONWEALTH OF VIRGINIA                   FEBRUARY 27, 1996

            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

            Cullen D. Seltzer, Assistant Public Defender
            (David J. Johnson, Public Defender; Office of
            the Public Defender, on brief), for
            appellant.

            Leah A. Darron, Assistant Attorney General
            (James S. Gilmore, III, Attorney General, on
            brief), for appellee.


     On appeal from his convictions of attempted first degree

murder and possession of a firearm by a convicted felon, Joseph

Wilmer Gilley, Jr. contends that the trial court erred in

admitting his prior felony convictions into evidence during the

sentencing phase of his trial, because the Commonwealth had not

complied with the fourteen day notice requirement of Code

§ 19.2-295.1.  We find no error and affirm the judgment of the

trial court.

     Prior to trial, Gilley objected to the introduction of his

prior conviction for possession of methamphetamine at the

sentencing phase of the trial because the Commonwealth had not

given him notice fourteen days before trial as required by Code

§ 19.2-295.1.  The trial court admitted the order of conviction,

with the sentence redacted, into evidence at the guilt phase, for the limited purpose of proving that Gilley had been convicted previously of a felony.

During the guilt phase of the trial, Gilley testified that he had been convicted previously for possession of methamphetamine, distribution of marijuana, and carrying a concealed weapon. During the sentencing phase, the Commonwealth introduced into evidence Gilley's prior convictions of possession of marijuana and of carrying a concealed weapon. The defense did not object.

Gilley contends that the fourteen day notice requirement of Code § 19.2-295.1 is mandatory because it states that "the Commonwealth shall provide to the defendant photocopies of certified copies of the defendant's prior criminal convictions which it intends to introduce at sentencing. . . ." (emphasis added). He argues that because the Commonwealth failed to provide certified copies of his prior convictions for possession of marijuana and carrying a concealed weapon to him timely, the Commonwealth should have been barred from introducing evidence of those convictions at sentencing.

Gilley further contends that the Commonwealth should not have been allowed to refer during sentencing to his prior conviction of possession of methamphetamine, which had been admitted during the guilt phase of the trial. He argues that the trial court had admitted the prior conviction for the limited

purpose of proving an element of the charge of possession of a firearm after having been convicted of a felony. He argues that Code § 19.2-295.1 contains no exemption from the fourteen day requirement where a prior felony conviction is proven during the guilt phase of the trial.

Gilley further argues that evidence of his prior convictions was prejudicial and irrelevant and thus was inadmissible evidence of prior bad acts. He did not include this issue in his question presented. Therefore, it will not be considered. Rule 5A:12.

Code § 19.2-295.1, as it was in force at the time of trial, provided, in pertinent part:

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony, a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury. At such proceeding, the Commonwealth shall present the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction, . . . . The Commonwealth shall provide to the defendant fourteen days prior to trial photocopies of certified copies of the defendant's prior criminal convictions which it intends to introduce at sentencing.

Assuming, without deciding, that the fourteen day notice requirement is mandatory, we nonetheless find no error in the trial court's rulings.

Code § 19.2-295.1 creates a category of evidentiary admissibility. It is not a rule of evidentiary exclusion. Evidence that is otherwise admissible is not dependent upon the statute for admissibility. Gilley's prior conviction for

possession of methamphetamine was admissible during the guilt phase of his trial as proof of a required element of a crime with which he was charged.  The sentence was redacted, and the jury was properly instructed, to insure that the order was considered by the jury for that purpose only at the guilt phase.  However, the conviction order thereby became a part of the evidence in the case and the jury, at the sentencing phase, "would necessarily have access to the evidence presented in the guilt phase of the trial."  Watkins v. Commonwealth, 229 Va. 469, 480, 331 S.E.2d 422, 431 (1985), cert. denied, 475 U.S. 1099 (1986).  The trial court did not err in permitting the Commonwealth to argue that prior conviction at the sentencing phase.

Gilley did not object to the admission at the sentencing phase of his prior convictions for possession of marijuana and carrying a concealed weapon.  His pretrial objection related only to his prior conviction for possession of methamphetamine. Therefore, he is precluded from challenging on appeal the admissibility of the marijuana and concealed weapon convictions.  Rule 5A:18.

The judgment of the trial court is affirmed.

Affirmed.