COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Humphreys and Clements
Argued at Chesapeake, Virginia


BRYAN DAVID AUER

                                                OPINION BY
v.      Record No. 0851-04-1        JUDGE JEAN HARRISON CLEMENTS
                                            OCTOBER 25, 2005

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Edward W. Hanson, Jr., Judge

Afshin Farashahi (Afshin Farashahi, P.C., on brief), for appellant.

Virginia B. Theisen, Assistant Attorney General (Judith Williams
Jagdmann, Attorney General; Alice T. Armstrong, Assistant
Attorney General, on brief), for appellee.


     Bryan David Auer was convicted by a jury of aggravated involuntary manslaughter, in

violation of Code § 18.2-36.1, and driving under the influence of alcohol (DUI), in violation of

Code § 18.2-266. On appeal, Auer contends the trial court erred during the punishment phase of his

trial by admitting into evidence his prior misdemeanor conviction under a city ordinance for DUI.

Finding no error, we affirm the trial court's judgment.

I. BACKGROUND

     On August 4, 2003, Auer was indicted by a grand jury for aggravated involuntary

manslaughter and DUI, second offense. On the Commonwealth's motion, the latter indictment was

amended prior to trial to DUI, first offense. After hearing the evidence presented at trial on those

charges, a jury convicted Auer of DUI, first offense, under Code §§ 18.2-266 and 18.2-270, and

aggravated involuntary manslaughter, under Code § 18.2-36.1.

During the punishment phase of the trial, the Commonwealth sought to introduce into evidence a certified copy of a general district court order reciting Auer's prior criminal conviction for misdemeanor DUI, in violation of Virginia Beach City Code § 21-336. Rejecting Auer's argument that evidence of a prior conviction based on a city ordinance was inadmissible under Code § 19.2-295.1, the trial court admitted the order into evidence.[1]

At the conclusion of the punishment phase of the trial, the jury fixed Auer's punishment at nine years and six months of incarceration on the manslaughter charge and twelve months of incarceration on the DUI charge. The trial court subsequently sentenced Auer pursuant to the jury's verdict.

This appeal followed.

## II. ANALYSIS

Auer contends, on appeal, that Code § 19.2-295.1 prohibits the Commonwealth from presenting evidence at the punishment phase of a bifurcated jury trial of a defendant's prior convictions under local laws. Thus, he concludes, the trial court erred in admitting into evidence his prior conviction for misdemeanor DUI, which was based on Virginia Beach City Code § 21-336, and the case must be remanded for resentencing. We disagree.

"'[T]he admissibility of evidence is within the broad discretion of the trial court, and [its ruling thereon] will not be disturbed on appeal in the absence of an abuse of discretion.'" Jones v. Commonwealth, 38 Va. App. 231, 236, 563 S.E.2d 364, 366 (2002) (quoting Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988)). However, "a trial court 'by definition abuses its discretion when it makes an error of law.'" Shooltz v. Shooltz, 27 Va. App.

---

[1] At the same time, the trial court also admitted a copy of a prior conviction order for disorderly conduct. Although that conviction was also based on a violation of a city ordinance, Auer raises no challenge on appeal to the admission of that order. Accordingly, we need not address that matter further.

264, 271, 498 S.E.2d 437, 441 (1998) (quoting <u>Koon v. United States</u>, 518 U.S. 81, 100 (1996)).

"In determining whether the trial court made an error of law, 'we review the trial court's statutory interpretations and legal conclusions *de novo.*'" <u>Rollins v. Commonwealth</u>, 37 Va. App. 73, 79, 554 S.E.2d 99, 102 (2001) (quoting <u>Timbers v. Commonwealth</u>, 28 Va. App. 187, 193, 503 S.E.2d 233, 236 (1998)).

Code § 19.2-295.1 provides in pertinent part that, at the punishment phase of a bifurcated jury trial,

> the Commonwealth shall present the defendant's prior criminal convictions by certified, attested or exemplified copies of the record of conviction, including adult convictions and juvenile convictions and adjudications of delinquency. Prior convictions shall include convictions and adjudications of delinquency under the laws of any state, the District of Columbia, the United States or its territories.

As framed by Auer, the sole issue in this appeal is whether the trial court violated the terms of Code § 19.2-295.1 when, during the punishment phase of trial, it allowed the Commonwealth to present evidence to the jury of Auer's DUI conviction for violating Virginia Beach City Code § 21-336. Auer contends Code § 19.2-295.1 prohibits the admission into evidence of convictions based on local laws; the Commonwealth insists the statute contains no such prohibition.

At the center of this dispute is the question whether Auer's DUI conviction for violating Virginia Beach City Code § 21-336 is a "prior conviction," as that term is used in Code § 19.2-295.1. Auer argues that, because penal statutes are to be construed strictly against the Commonwealth, Code § 19.2-295.1's provision that "[p]rior convictions shall include convictions and adjudications of delinquency under the laws of any state, the District of Columbia, the United States or its territories" should be read as providing an exhaustive list of the convictions that may be presented to the jury at sentencing. Thus, Auer's argument

- 3 -

continues, the omission of convictions under local laws from that list reflects the legislature's intent that such convictions not be considered by the jury in fixing a convicted defendant's punishment. To hold otherwise, Auer maintains, would be to add terms to the statute and to conclude that the legislature did not mean what it actually expressed.

The Commonwealth claims that Auer's reading of Code § 19.2-295.1 is too restrictive. Nothing in the language of the statute itself, the Commonwealth argues, indicates that the legislature intended to prohibit the presentation at sentencing of prior convictions under local laws. Moreover, the Commonwealth adds, reading such a prohibition into Code § 19.2-295.1 would defeat the statute's purpose.

> We recognize that "it is our function to interpret the meaning of the words in controversy as intended by the legislature." Tiller v. Commonwealth, 193 Va. 418, 420, 69 S.E.2d 441, 442 (1952). However, "unless there is ambiguity in a statute, there is no need for interpretation, for the province of construction lies wholly within the domain of ambiguity." Id. "Words are ambiguous if they admit to 'being understood in more than one way[,]' . . . refer to 'two or more things simultaneously[,]' . . . are 'difficult to comprehend,' 'of doubtful import,' or lack 'clearness and definiteness.'" Diggs v. Commonwealth, 6 Va. App. 300, 301-02, 369 S.E.2d 199, 200 (1988) [(en banc)] (quoting Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985)).

Gilliam v. Commonwealth, 21 Va. App. 519, 522, 465 S.E.2d 592, 594 (1996) (first two alterations in original). "Ordinarily, when a particular word in a statute is not defined therein, a court must give it its ordinary meaning." Moyer v. Commonwealth, 33 Va. App. 8, 35, 531 S.E.2d 580, 593 (2000) (en banc).

Whether the legislature intended to exclude convictions under local laws from the meaning of "prior convictions," and thus prohibit the presentation of such convictions to the jury at sentencing, is not apparent on the face of Code § 19.2-295.1. As noted above, Code § 19.2-295.1 provides that "[p]rior convictions shall include convictions . . . under the laws of

any state, the District of Columbia, the United States or its territories." The determinative word is "include," which means "to . . . list . . . as a part or component of a whole or of a larger group, class, or aggregate." Webster's Third New International Dictionary 1143 (1993).

Generally speaking, the word "include" implies that the provided list of parts or components is not exhaustive and, thus, not exclusive. See Fed. Land Bank of St. Paul v. Bismarck Lumber Co., 314 U.S. 95, 100 (1941) (noting that "the term 'including' is not one of all-embracing definition, but connotes simply an illustrative application of the general principle"); Fed. Election Comm'n v. Mass. Citizens for Life, 769 F.2d 13, 17 (1st Cir. 1985), aff'd, 479 U.S. 238 (1986) (observing that the word "includes" is "'usually a term of enlargement, and not of limitation" and therefore "'conveys the conclusion that there are other items includable, though not specifically enumerated'" (quoting 2A Norman J. Singer, Sutherland Statutes and Statutory Construction 133 (4th ed. 1984) (internal quotation marks omitted))); Highway & City Freight Drivers Local No 600. v. Gordon Transports, Inc., 576 F.2d 1285, 1289 (8th Cir. 1978) (noting that, when the word "include" is used in a statute to define a term, "the fact that the statute does not specifically mention a particular entity . . . does not imply that the entity falls outside of the definition"); Black's Law Dictionary 777 (8th ed. 2004) ("*[I]ncluding* typically indicates a partial list . . . .").

However, the word "include" is also commonly used in a restrictive, limiting sense. Helvering v. Morgan's, Inc., 293 U.S. 121, 125 (1934) (recognizing that "the term 'includes' may sometimes be taken as synonymous with 'means'"); Bryan A. Garner, A Dictionary of Modern American Usage 363 (1998) (remarking that the word "include," "which traditionally has introduced a nonexhaustive list, is now . . . widely []used for *consists of*"). Used in this limiting sense, the term typically introduces an exhaustive list of all of the components or members that make up the whole. See Garner, supra; Random House Webster's College

Dictionary 667-68 (2000) ("*Include* means to contain as a part or member of a larger whole; it may indicate one, several, *or all parts*." (second emphasis added)). Thus, when a statute uses the word "include" in this restrictive, limiting sense to define a term, it sets forth the entire definition, and no other elements or items are includable. Consequently, the fact that the statute does not expressly enumerate a particular item implies that the item "falls outside of the definition." Highway & City Freight Drivers, 576 F.2d at 1289; see County of Amherst Bd. of Supervisors v. Brockman, 224 Va. 391, 397, 297 S.E.2d 805, 808 (1992) (holding that the courts "may not add to a statute language" that the legislature intended not be included therein).

Because the word "include" is susceptible to more than one meaning and because it is not immediately clear from the word's context which meaning is meant to apply in Code § 19.2-295.1, we conclude that the statute's provision that "[p]rior convictions shall include convictions . . . under the laws of any state, the District of Columbia, the United States or its territories" is ambiguous. See Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985) (noting that words are ambiguous if they admit to "being understood in more than one way" or lack "clearness and definiteness"). See generally Liverpool v. Baltimore Diamond Exch., Inc., 799 A.2d 1264, 1274 (Md. Ct. Spec. App. 2002) (recognizing that "the term 'includes,' by itself, is not free from ambiguity" because it "has various shades of meaning," ranging from enlargement and expansion to limitation and restriction); Frame v. Nehls, 550 N.W.2d 739, 742 (Mich. 1996) ("When used in the text of a statute, the word 'includes' can be used as a term of enlargement or of limitation, and the word in and of itself is not determinative of how it is intended to be used."). "Therefore, we are called upon to construe this statutory language in a manner that will ascertain and give effect to the General Assembly's intent." Herndon v. St. Mary's Hosp., Inc., 266 Va. 472, 475, 587 S.E.2d 567, 569 (2003).

In seeking to resolve the ambiguity in the statutory language and discern the legislature's intent, we apply established principles of statutory interpretation. See Va. Dep't of Labor & Industry v. Westmoreland Coal Co., 233 Va. 97, 101-02, 353 S.E.2d 758, 762 (1987). Consistent with such principles, we interpret the statute so as "to promote the end for which it was enacted, if such an interpretation can reasonably be made from the language used." Mayhew v. Commonwealth, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995). Thus, the "statute must be construed with reference to its subject matter, the object sought to be attained, and the legislative purpose in enacting it; the provisions should receive a construction that will render it harmonious with that purpose rather than one which will defeat it." Esteban v. Commonwealth, 266 Va. 605, 609, 587 S.E.2d 523, 526 (2003). Furthermore, although "[i]t is a cardinal principle of law that penal statutes are to be construed strictly against the [Commonwealth]" and "cannot be extended by implication, or be made to include cases which are not within the letter and spirit of the statute," Wade v. Commonwealth, 202 Va. 117, 122, 116 S.E.2d 99, 103 (1960), "we will not apply 'an unreasonably restrictive interpretation of the statute' that would subvert the legislative intent expressed therein," Armstrong v. Commonwealth, 263 Va. 573, 581, 562 S.E.2d 139, 144 (2002) (quoting Ansell v. Commonwealth, 219 Va. 759, 761, 250 S.E.2d 760, 761 (1979)).

Applying these principles to the provision of Code § 19.2-295.1 at issue here, we conclude that the statutory interpretation urged by Auer is contrary to the manifest purpose of Code § 19.2-295.1. Plainly, the legislative intent underlying Code § 19.2-295.1 is to assure that sufficient information regarding the convicted defendant's criminal record is provided during the punishment proceeding to enable the jury "'to impose the sentence as seemed to them to be just.'" Hartigan v. Commonwealth, 31 Va. App. 243, 254, 522 S.E.2d 406, 411 (1999) (quoting Coward v. Commonwealth, 164 Va. 639, 646, 178 S.E. 797, 800 (1935)), aff'd en banc, 32

Va. App. 873, 531 S.E.2d 63 (2000). "'The sentencing decision . . . is a quest for a sentence that best effectuates the criminal justice system's goals of deterrence (general and specific), incapacitation, retribution and rehabilitation.'" Gilliam, 21 Va. App. at 524, 465 S.E.2d at 594 (quoting United States v. Morris, 837 F. Supp. 726, 729 (E.D. Va. 1993)). "Manifestly, the prior criminal convictions of a felon . . . '"bear upon a tendency to commit offenses, the probabilities of rehabilitation, and similar factors"' indispensable to the determination of an appropriate sentence." Id. at 524, 465 S.E.2d at 595 (quoting Thomas v. Commonwealth, 18 Va. App. 656, 659, 446 S.E.2d 469, 472 (1994) (internal quotation marks omitted)).

As we explained in Hartigan, "[i]n contrast to the unitary system [in effect prior to Code § 19.2-295.1's enactment], in which juries [in non-capital cases] determined guilt and sentencing based only on the facts germane to the offense and the range of punishment available, the jury now is given a much broader range of information under the bifurcated procedure." Id. at 255, 522 S.E.2d at 411. "Such information ensures an individualized assessment of a defendant's previous criminal conduct in the context of the subject offense, thereby promoting a more informed determination of sentence." Gilliam, 21 Va. App. at 523, 465 S.E.2d at 594. To that end, "Code § 19.2-295.1 creates a category of evidentiary admissibility. It is not a rule of evidentiary exclusion." Gilley v. Commonwealth, 21 Va. App. 740, 744, 467 S.E.2d 312, 313 (1996).

It follows, therefore, that, as we stated in consideration of a related issue in Bunn v. Commonwealth, 21 Va. App. 593, 598, 466 S.E.2d 744, 746 (1996) (emphasis added),

> [t]he obvious purpose of Code § 19.2-295.1 is to allow the jury, which will be recommending sentence, to consider the defendant's . . . current record of criminal convictions. Nothing in the language or logic of the statute suggests that the legislature intended to limit the jury's consideration to anything other than the defendant's *complete* criminal record.

Indeed, had the legislature intended to specifically limit the prior convictions the jury could consider in a sentencing proceeding to only those convictions under the jurisdictions enumerated in the statute, it could have done so unequivocally. See, e.g., Code § 16.1-330.1 ("Qualifying convictions or adjudications *shall include only* those for offenses occurring after July 1, 1993." (emphasis added)); Code § 24.2-101 ("[R]egistered voter" *shall include only* persons maintained on the Virginia voter registration system with active status." (emphasis added)); Code § 58.1-3506.1 ("For purposes of this article, the term motor vehicle *shall include only* automobiles and pickup trucks." (emphasis added)); Code § 54.1-1118 ("'Improper or dishonest conduct' *includes only* the wrongful taking or conversion of money, property or other things of value which involves fraud, material misrepresentation or conduct constituting gross negligence . . . . The term 'improper or dishonest conduct' *does not include* mere breach of contract." (emphasis omitted and emphases added)); Code § 38.2-1800 ("'Limited lines property and casualty agent' *means* an individual or business entity authorized by the Commission whose license authority to sell, solicit, or negotiate *is limited to* the following . . . : automobile club authority; home protection insurance authority; legal services insurance authority . . . . Limited lines property and casualty insurance *shall not include* life insurance, health insurance, property insurance, casualty insurance, and title insurance." (emphases added)). But, it did not.[2]

It is beyond dispute that, were we to read Code § 19.2-295.1 as prohibiting the presentation at sentencing of convictions under local laws, as Auer urges, the jury, in cases such

---

[2] Auer points to Code § 18.2-270(E) as an example of a statute that explicitly refers to local ordinances, and argues based thereon that the omission of the same term from Code § 19.2-295.1 was intentional and meaningful. However, Code § 18.2-270 differs from Code § 19.2-295.1 both in purpose and in legal context. Because the legislature expressed a concern in Code § 18.2-270 for laws "substantially similar" to those listed in Code § 18.2-270, the inclusion of "ordinances of any county, city or town of this Commonwealth" served to precisely define the nature of the second offense that could be used for enhanced punishment. A term-by-term comparison with Code § 18.2-270 is of little value to us here in determining the legislative intent behind Code § 19.2-295.1.

as this, would not have the convicted defendant's complete criminal record before them in determining the appropriate punishment to recommend. Such a reading of the statute would clearly undermine the legislative intent expressed therein of allowing the jury to consider the defendant's complete criminal record at sentencing. We conclude, therefore, that, consistent with the manifest purpose of the statute, Code § 19.2-295.1 does not provide an exclusive definition of the term "prior convictions" and, thus, does not prohibit the presentation at sentencing of convictions under local laws. Rather, the statute's provision that "[p]rior convictions shall include convictions . . . under the laws of any state, the District of Columbia, the United States or its territories" indicates that the prior convictions the Commonwealth may present at sentencing are not limited to convictions under the statutes contained in the Code of Virginia.[3] Accordingly, we hold that the trial court did not err in allowing the Commonwealth to present evidence of Auer's misdemeanor DUI conviction for violating Virginia Beach City Code § 21-336.

This resolution of the issue is buttressed by the fact that Auer's reading of Code § 19.2-295.1 would yield the inconsistent result of permitting the Commonwealth to present evidence at sentencing of a prior conviction under Code § 18.2-266 but not under Virginia Beach City Code § 21-336, even though both statutes refer to the same driving under the influence offense.[4] See Cook v. Commonwealth, 268 Va. 111, 116, 597 S.E.2d 84, 87 (2004) (noting that

---

[3] In reaching this conclusion, we do not mean to suggest that evidence of a criminal conviction from another country would be admissible. See, e.g., Small v. United States, 544 U.S. ___, ___, 125 S. Ct. 1752, 1758 (2005) (holding that 18 U.S.C. § 922(g)(1), which forbids "any person . . . *convicted in any court* . . . of a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess . . . any firearm," encompasses only domestic, not foreign, convictions (emphasis added)). That matter is not before us in this case.

[4] Virginia Beach City Code § 21-336 provides as follows:

Section 18.2-266 of the Code of Virginia (1950), as amended, which pertains to driving or operating any motor vehicle, engine or train while intoxicated, is hereby adopted and incorporated mutatis mutandis into this section by reference, as

- 10 -

"our case law uses the phrase 'absurd result' to describe situations in which the law would be internally inconsistent"). "[A] statute should never be construed so that it leads to absurd results." Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992). Consequently, "[w]here a particular construction of a statute will result in an absurdity, some other reasonable construction which will not produce the absurdity will be found." Miller v. Commonwealth, 180 Va. 36, 41, 21 S.E.2d 721, 723 (1942).

### III. CONCLUSION

For these reasons, we affirm the trial court's judgment.

Affirmed.

---

authorized by section 46.2-1313 of the Code of Virginia. Pursuant to the provisions of section 1-13.39:2 of the Code of Virginia, the incorporation of the above-referenced section of the Code of Virginia shall include all future amendments to that section.