COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Huff and AtLee
Argued by teleconference

UNPUBLISHED

COMMONWEALTH OF VIRGINIA

v.        Record No. 0327-19-1

OLIVER WADE

MEMORANDUM OPINION* BY
JUDGE GLEN A. HUFF
SEPTEMBER 10, 2019

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Bonnie L. Jones, Judge

Rosemary V. Bourne, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on briefs), for appellant.

Ryan Asalone, Assistant Public Defender, for appellee.

Pursuant to Code §§ 19.2-124(B) and 19.2-398(B) the Commonwealth appeals the

decision of the Circuit Court for the City of Hampton granting Oliver Wade ("appellee") bail.

The Commonwealth argues that the circuit court did not properly take into account the

presumption against bail in this case.  Based on the scant reasons articulated by the circuit court

in its ruling, this Court is unable to conduct a meaningful review of the bail decision and

accordingly reverses and remands the matter for further action consistent with this opinion.

Appellee is charged with two counts of rape of his stepdaughter A.L., age eight, in

violation of Code § 18.2-61 and one count of child neglect in violation of Code § 18.2-371.1.

The juvenile and domestic relations district court denied appellee bail.  He appealed to the circuit

court.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On February 8, 2019, the circuit court held a bail hearing. Both parties agreed to submit the case on proffers. Because the proffers were limited and in some respects contested, the details of the alleged offenses remain unclear.

First, regarding the rape charges, the Commonwealth proffered that the victim was eight years old at the time of the offense. During a forensic interview in Florida, she had "described sexual intercourse in very vivid detail." The Commonwealth did not explain the "detail" other than to say the facts were "horrific."[1]

The neglect charge apparently arises from living conditions for A.L. and other children living with her. Appellee and A.L.'s mother were married. A.L. and four other children lived with appellee until appellee left the home in June of 2017. Appellee and A.L.'s mother divorced at some point.

Although appellee had moved out in June, the children reported in November of 2017 that appellee had locked them in a room so that they were forced to urinate and defecate on the floor. In December, a police officer went to the home to investigate and found that the room's floor was still soaked with urine and feces.[2]

The Commonwealth proffered that before appellee was charged, he attempted to "get his children back from CPS and to leave the State." The Commonwealth also noted that the presumption against bail from Code § 19.2-120(B) applied to the case.

Appellee proffered that he had no other criminal history. He owned a home in Virginia Beach and had a girlfriend in Richmond with whom he could stay. Neither option would require him to have contact with minors. He had lived in the area for nine years and had family in the

---

[1] It is unclear when A.L. initially reported the rape, but appellee did not contend below that her report of rape had been delayed.

[2] By time A.L.'s mother had also moved out, and the person living there had not cleaned the room.

area. Appellee worked at the shipyard for five years, and he said he would attempt to resume that job if released on bail. He served in the Army National Guard for several years. He has two children unconnected to the case whom he supports, although they did not live with him. Appellee also proffered that A.L. lives in Florida with a guardian and that he would not have any contact with her or any other people involved in the case.

Finally, appellee alleged that A.L.'s mother had been dating "other men," despite being married to appellee, and that the "other men" had been "in and out" of the house at the time of the alleged offenses. Although appellee acknowledged that the registered sex offender mother dated did not come "into the picture [until] shortly after the allegations" against appellee, he stated:

> I have no idea if those [other men mother was dating] were sex offenders. But the fact that she is now dating a registered sex offender[] suggests to me that, perhaps, you know, the people who were coming in and out of the house should be looked at more carefully than what the investigators have done so far.

The circuit court granted bail, stating:

> Well, the problem that I'm having is this big time gap between June and November. That's very disturbing. The other thing that I'm very disturbed about is this man has absolutely no record. So I'm hearing proffers from both of you which doesn't really give the Court a whole lot of definitive information as far as what the facts of this case are. I'm going to give him a bond, but I'm going to make it a high one. I'm going to make it $50,000 with surety on each charge.

The Commonwealth appealed.

This Court reviews a trial court's decision to grant or deny bail for abuse of discretion. Fisher v. Commonwealth, 236 Va. 403, 411 (1988). When reviewing a trial court's decision for an abuse of discretion, this Court defers to the trial court's judgment and will "not reverse merely because it would have come to a different result in the first instance." Lawlor v. Commonwealth, 285 Va. 187, 212 (2013). Nevertheless, "a trial court 'by definition abuses its

- 3 -

discretion when it makes an error of law.'" Auer v. Commonwealth, 46 Va. App. 637, 643 (2005) (quoting Shooltz v. Shooltz, 27 Va. App. 264, 271 (1998)). Thus, the trial court abuses its discretion "when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment." Lawlor, 285 Va. at 213 (quoting Landrum v. Chippenham & Johnston-Willis Hosps., Inc., 282 Va. 346, 352 (2011)).

A trial court generally has no obligation to articulate reasons for its decisions. Nevertheless, when considering bail, a trial court must explain its reasoning sufficiently for this Court "to make an objective determination that the court below has not abused its discretion." Shannon v. Commonwealth, 289 Va. 203, 206 (2015). Here, the circuit court failed to do so. It did not mention the presumption against bail; nor did it explain how the facts it recited applied to the factors the statute requires the court to consider in overcoming the presumption. See Code § 19.2-120(E). Thus, the circuit court made it virtually impossible for this Court to determine if the trial court abused its discretion in granting bail. By doing so, the circuit court erred.

Moreover, the limited explanation provided by the circuit court suggests the circuit court erred in its bail decision. The circuit court stated "So I'm hearing proffers from both of you which doesn't really give the Court a whole lot of definitive information as far as what the facts of this case are." By implying that the lack of clarity supported an award of bail, the circuit court appears to have assumed that any gap in the proffers favored appellee. Such an assumption would be incorrect in light of the presumption against bail applicable to this case. Although the burden is on the Commonwealth in this Court to demonstrate the circuit court erred, the presumption against bail means it was appellee's burden to demonstrate he was entitled to bail. Commonwealth v. Duse, 295 Va. 1, 9 (2018). Thus, any failure of proof (or in this case, proffer)

- 4 -

should have been a factor against granting bail. The circuit court's limited explanation suggests that it committed one of two possible errors. Either the circuit court failed to consider the presumption against bail, or the circuit court erroneously considered the presumption of innocence—as appellee had argued below—in overcoming the presumption against bail.

This Court need not resolve which error the trial court made because either is reversible error. The presumption against bail is mandated by statute in this case, and both parties acknowledge the presumption's applicability to the case. Code § 19.2-120(B). Moreover, the presumption of innocence—which appellee argued below that the trial court should keep in mind—is a trial presumption that is inapplicable in bail proceedings. Duse, 295 Va. at 7. Therefore, the circuit court abused its discretion by either applying an inapposite presumption or failing to apply a required presumption. Thus, this Court reverses the grant of bail and remands the matter for the circuit court to apply the presumption against bail when reconsidering whether to grant bail to appellee.

Reversed and remanded.