COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Causey and Senior Judge Clements

JEFFREY DOUGLAS CHERIPKA

v.      Record No. 1217-21-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
AUGUST 9, 2022

FROM THE CIRCUIT COURT OF FLUVANNA COUNTY
Richard E. Moore, Judge

(Reed C. Amos; Amos & Amos, PLLC, on brief), for appellant.
Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Craig W. Stallard, Senior
Assistant Attorney General, on brief), for appellee.

Jeffrey Douglas Cheripka was indicted in Fluvanna County for three counts of sexual

penetration of a child under the age of thirteen, in violation of Code § 18.2-67.2(A)(1), one count of

aggravated sexual battery, in violation of Code § 18.2-67.3(A)(1), and two counts of rape of a child

under the age of thirteen, in violation of Code § 18.2-61(A, iii). Proceeding *pro se*, Cheripka filed a

motion for pre-trial bail. The circuit court denied Cheripka's motion for pre-trial bail, and this

appeal followed.[1] After examining the briefs and record in this case, the panel unanimously

agrees that because "the appeal is wholly without merit," oral argument is unnecessary.

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] During the pendency of this appeal, Cheripka was tried and convicted of two of the
three counts of sexual penetration of a child under the age of thirteen, in circuit court case
numbers 19CR205 and 19CR206. The other charges remain unresolved. Accordingly,
Cheripka's appeal of the circuit court's denial of pre-trial bail is moot as to those charges. *See
Palmer v. Commonwealth*, 74 Va. App. 336, 338-39 (2022).

Therefore, we dispense with oral argument in accordance with Code § 17.1-403(ii)(a) and Rule 5A:27(a).

## BACKGROUND

At Cheripka's bail hearing, he claimed that, while incarcerated since his arrest for the charged crimes, he abided by the rules of the jail and assisted other inmates. He said that he had prevented another inmate from committing suicide and obtained help for him. He asserted that the charged offenses did not involve a firearm, that he had voluntarily turned himself in to the police, that he did not flee after he was charged, and that he no longer coached children's soccer. He said that his incarceration had exacerbated a preexisting hearing impairment. Cheripka said that after a protective order was entered against him, he voluntarily left his home where the victims resided, and he did not return. Cheripka asserted that he had never missed a court date and promised that he would not in the future.

The Commonwealth proffered that if convicted, Cheripka potentially faced multiple mandatory life sentences for sexual crimes against two of his stepdaughters. One of the victims alleged that Cheripka had fondled and digitally penetrated her during incidents that occurred when she was between eight and thirteen years old. The other victim alleged that Cheripka sexually abused her, and the abuse escalated to rape. Cheripka had the second victim take pregnancy tests after forcing her to have sex. Cheripka threatened the victims not to disclose his conduct or they would go to jail, be sent to foster care, or have to live with their biological father, whom they feared. After the Department of Social Services began investigating one victim's initial disclosures, Cheripka left Virginia for New Jersey. While hospitalized there for a mental health issue, Cheripka admitted that he had sexually assaulted his children, and claimed that he had a dual personality.

In denying Cheripka's motion for bail, the circuit court considered the severity and number of charges against Cheripka, as well as the potential for multiple life sentences if he is convicted.

The circuit court further noted that there are two victims, Cheripka's stepdaughters, whose allegations against him are consistent with one another. In addition, Cheripka admitted that he sexually abused his stepdaughters. The circuit court concluded that it did not find Cheripka to be a flight risk, but that he posed an unreasonable risk to his stepchildren. The circuit court also expressed concern about Cheripka's mental health and that if released he might attempt to influence the victims' testimony.

ANALYSIS

Cheripka argues that the circuit court abused its discretion in denying his motion for pre-trial bail. This Court reviews a trial court's decision to grant or deny bail for an abuse of discretion. *See Commonwealth v. Duse*, 295 Va. 1, 7 (2018); *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021); *see also* Rule 5A:2(b). When reviewing a trial court's decision for an abuse of discretion, this Court defers to the trial court's judgment and will "not reverse merely because it would have come to a different result in the first instance." *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013). Nonetheless, "a trial court 'by definition abuses its discretion when it makes an error of law.'" *Auer v. Commonwealth*, 46 Va. App. 637, 643 (2005) (quoting *Shooltz v. Shooltz*, 27 Va. App. 264, 271 (1998)). Thus, the trial court abuses its discretion

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).

"Code § 19.2-120 governs pre-trial bail." *Duse*, 295 Va. at 1. Under Code § 19.2-120, a person held in custody pending trial for a criminal offense "shall be admitted to bail by a judicial officer, unless there is probable cause to believe that . . . [h]e will not appear for trial or hearing

or at such other time and place as may be directed" or "[h]is liberty will constitute an unreasonable danger to himself, family or household members as defined in § 16.1-228, or the public." Code § 19.2-120(A)(1) and (2).[2]  In making the determination of whether a defendant should be admitted to bail, the judicial officer

> shall consider all relevant information, including (i) the nature and circumstances of the offense; (ii) whether a firearm is alleged to have been used in the commission of the offense; (iii) the weight of the evidence; (iv) the history of the accused or juvenile, including his family ties or involvement in employment, education, or medical, mental health, or substance abuse treatment; (v) his length of residence in, or other ties to, the community; (vi) his record of convictions; (vii) his appearance at court proceedings or flight to avoid prosecution or convictions for failure to appear at court proceedings; and (viii) whether the person is likely to obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness, juror, victim, or family or household member as defined in § 16.1-228.

Code § 19.2-120(B).[3]

Cheripka is charged with offenses which could result in mandatory life sentences if he is convicted.  *See* Code § 18.2-61(B)(2); 18.2-67.2(B)(2).  Cheripka's stepdaughters are the victims of the multiple crimes for which he is indicted.  While hospitalized in New Jersey, Cheripka confessed that he sexually abused members of his family.  In addition, Cheripka had a history of mental health instability.  Considering all the facts and circumstances, we do not find that the circuit court abused its discretion in finding that Cheripka's release on bail would constitute an

---

[2] Code § 16.1-228's definition of family or household member includes "the person's . . . stepchildren . . . regardless of whether such persons reside in the same home with the person."

[3] Code § 19.2-120(B) previously imposed a presumption against bail for certain enumerated offenses.  Effective July 1, 2021, Code § 19.2-120 no longer contains any presumption against bail.  *See* 2021 Va. Acts ch. 337.  However, according to Code § 19.2-120(A), the circuit court was nonetheless obligated to consider whether there was "probable cause to believe that" Cheripka's pre-trial release would "constitute an unreasonable danger to" his stepchildren.

unreasonable risk of danger to his stepchildren.  Thus, the circuit court did not err in denying

Cheripka's request for pre-trial bail, and we do not disturb that decision.

*Affirmed.*