COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Ortiz and Causey

DERRICK A. EDWARDS

v.      Record No. 0583-22-3

GLENN YOUNGKIN, GOVERNOR OF VIRGINIA AND
 JASON MIYARES, ATTORNEY GENERAL
 OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 6, 2022

FROM THE CIRCUIT COURT OF WISE COUNTY
John C. Kilgore, Judge

(Derrick A. Edwards, on brief), *pro se*.

No brief or argument for appellees.


Derrick A. Edwards ("Edwards"), acting *pro se*, filed a petition in the Wise County Circuit

Court seeking a writ of *quo warranto* against Governor Glenn Youngkin and Attorney General

Jason Miyares ("appellees"). Edwards alleged that these newly elected officials were unfit to hold

public office. In response, appellees filed a demurrer and motion to dismiss. On the pleadings, and

without a hearing on the merits, the circuit court dismissed Edwards's petition. He appealed. After

examining Edwards's brief and the record in this case, the panel unanimously holds that oral

argument is unnecessary because "the appeal is wholly without merit." Code § 17.1-403(ii)(a);

Rule 5A:27(a). Accordingly, we affirm the circuit court for the following reasons.

I. BACKGROUND

"Under settled principles of appellate review, we view the evidence in the light most

favorable to . . . the part[ies] prevailing below, and we grant to [them] 'all reasonable inferences

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

UNPUBLISHED

fairly deducible therefrom.'" *Rhodes v. Lang*, 66 Va. App. 702, 704 (2016) (citation omitted) (quoting *Anderson v. Anderson*, 29 Va. App. 673, 678 (1999)).

Edwards filed a petition for a writ of *quo warranto* in the Wise County Circuit Court, contesting appellees' qualifications to hold public office. Specifically, he alleged that pursuant to the Virginia Constitution, Article 5, Sections 3 and 15, appellees are not United States citizens, because neither was born in Washington, D.C., Puerto Rico, the U.S. Virgin Islands, Guam, American Samoa, or "any other territory or enclave within federal jurisdiction." Appellees filed a demurrer and motion to dismiss. In addition to asserting that they are both "United States citizens under federal law," appellees alleged that the writ of *quo warranto* was not available to Edwards because he failed to make use of "a proceeding to contest the election" as required by Code § 8.01-636(4). On the pleadings, and without a hearing on the merits, the circuit court dismissed Edwards's petition by final order entered March 16, 2022. The court specifically found that the allegations contained in Edwards's petition were "legally insufficient to authorize the issuance of the writ" and that "the eligibility of the [d]efendants to hold public office could have been addressed in a proceeding to contest their elections, and therefore cannot now be challenged by way of a petition for a writ of quo warranto."

This appeal followed.

## II. ANALYSIS

Edwards challenges the appellees' qualifications to hold public office because, according to his reading of certain statutes and the United States Constitution, neither of them is a U.S. citizen. He also assigns error to the circuit court's finding that he could have contested the election by other means. For the following reasons, we disagree with Edwards and affirm the circuit court.

An applicant for a writ of *quo warranto* is not "entitled, as a matter of absolute right, to have it issued, but whether it shall be awarded or not is subject, in a considerable degree, to the exercise

of a wise judicial discretion." *Watkins v. Venable*, 99 Va. 440, 443 (1901). "[A] trial court 'by definition abuses its discretion when it makes an error of law.'" *Auer v. Commonwealth*, 46 Va. App. 637, 643 (2005) (quoting *Shooltz v. Shooltz*, 27 Va. App. 264, 271 (1998)).

As Edwards correctly notes, "[n]o person except a citizen of the United States shall be eligible to the office of Governor." Va. Const. art. V, § 3. Similarly, "[n]o person shall be eligible for election or appointment to the office of Attorney General unless he is a citizen of the United States." Va. Const. art. V, § 15. The United States Constitution states that "[a]ll persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States *and* of the state wherein they reside." U.S. Const. amend. XIV, § 1 (emphasis added). Additionally, Title 8 of the United States Code, which governs immigration, defines any person "born in the United States, and subject to the jurisdiction thereof," as a citizen of the United States "at birth." 8 U.S.C. § 1401(a). By Edwards's own admission, Governor Youngkin was born in Virginia and Attorney General Miyares was born in North Carolina. Thus, under the United States Constitution and the United States Code, both appellees are citizens of the United States.

Edwards interprets the Fourteenth Amendment to mean that only persons *born* in a federal jurisdiction—that is, on federal land—are United States citizens. Specifically, he contends that only those persons born in Washington D.C., Puerto Rico, the U.S. Virgin Islands, Guam, American Samoa, or any other territory or enclave is a U.S. citizen. Edwards asserts that all other persons born in the United States are citizens only of the state in which they reside. We reject Edwards's argument. None of the authorities cited by Edwards supports his contention that only persons who are born in Washington, D.C., Puerto Rico, the U.S. Virgin Islands, Guam, American Samoa or any other territory or enclave of the United States are citizens of the United States. Instead, it is clear that any person born in any of the fifty states is a United States citizen. It follows that Edwards has failed to make a showing that appellees are ineligible for public office due to their citizenship status.

Thus, the circuit court correctly concluded that the allegations in support of Edwards's petition for a writ of *quo warranto* were "legally insufficient to authorize the issuance of the writ." Accordingly, the circuit court did not err in refusing to grant Edwards's petition for a writ of *quo warranto* because the writ did not lie as a remedy for Edwards's claims.[1]

CONCLUSION

For the foregoing reasons, we affirm the circuit court's judgment.

*Affirmed.*

---

[1] Because we affirm the circuit court's refusal to grant the writ with respect to Edwards's first assignment of error, we do not address Edwards's second assignment of error.