COURT OF APPEALS OF VIRGINIA

**UNPUBLISHED**

Present: Judges AtLee, Friedman and Senior Judge Clements

RICHARD EARL MARTIN

v.     Record No. 0681-23-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*]
PER CURIAM
SEPTEMBER 26, 2023

FROM THE CIRCUIT COURT OF GRAYSON COUNTY
H. Lee Harrell, Judge

(William B. Vaughan; William B. Vaughan, PLLC, on brief), for
appellant. Appellant submitting on brief.

(Jason S. Miyares, Attorney General; Susan Hallie Hovey-Murray,
Assistant Attorney General, on brief), for appellee. Appellee
submitting on brief.

Richard Earl Martin was arrested upon a capias for violating the conditions of his probation.

By order entered on February 23, 2023, the trial court denied Martin's motion for release on bail

pending his revocation hearing. Martin appeals this decision. *See* Code § 19.2-124. Finding no

abuse of the trial court's discretion, we affirm. The parties waived oral argument in this case. *See*

Code § 17.1-403(ii).

BACKGROUND

On October 27, 2006, upon guilty pleas, the trial court convicted Martin for two counts of

statutory burglary, petit larceny as a third offense, and grand larceny. For each of the burglary

convictions the trial court sentenced Martin to eight years of imprisonment with six years and six

months suspended. For the third-offense larceny and grand larceny convictions, the trial court

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

sentenced Martin to six years of incarceration, all suspended. The trial court ordered Martin's sentences to run concurrently and that he complete eight years and six months of probation upon his release from incarceration. The trial court also ordered Martin to pay $936 in restitution to the victims.

On October 26, 2012, upon his guilty pleas, the trial court convicted Martin of two counts of grand larceny, two counts of possessing stolen property with the intent to sell it, and larceny by fraud as a third offense. The trial court sentenced Martin to 19 years of imprisonment with 17 years and 8 months suspended. The trial court ordered Martin to complete ten years of supervised probation. The trial court also ordered Martin to pay restitution to the victims.

By major violation reports dated August 11, 2022, Martin's probation officer alleged that he violated his probation for both the 2006 and the 2012 convictions by absconding from supervision since March 2022. Martin's probation supervision had been transferred to Chesterfield County. Martin was enrolled in the "Shadow Track/Voice Recognition Monitoring System" in 2016. Although initially compliant, Martin had no contact with his probation officer since March 2022. Concerning the 2012 convictions, the probation officer also asserted that Martin violated his probation by failing to pay court-ordered restitution.

Following Martin's arrest upon a capias for the probation violations, the trial court held a hearing on February 23, 2023, upon his request for release on bail. Martin stated that, if granted bail, he would live in Chesterfield County, where he had resided for 14 years, and he provided his address and current phone number. Martin had full-time employment as a painter and welder. Concerning the recent charge of absconding, Martin explained that he lost his phone number after the death of his wife, who had maintained the phone plan. He said that he was placed on the "ShadowTrack" program for supervision and was advised that he would "be okay" with a new phone number. Martin admitted that he recently was charged with driving while

intoxicated (DWI). He also had three felony charges involving possessing controlled substances. He requested bail so that he could keep working, pay his expenses, and retain his residence. He admitted that he had outstanding restitution obligations.

The Commonwealth opposed the motion for bail, arguing that Martin had a lengthy criminal history beginning in 1990 involving numerous larcenies, defrauding an innkeeper, trespassing, assault and battery, possessing drugs, breaking and entering, and violating the conditions of his probation. He also had convictions from jurisdictions in North Carolina and Georgia. Martin had made no payment toward his restitution obligation since November 2014.

The trial court denied Martin's motion for bail, finding that his release would constitute a danger to others, especially considering the pending DWI and felony offenses. Martin appeals.

ANALYSIS

Martin argues that the trial court abused its discretion in denying his request for bail by giving too much weight to his criminal history, "most of which preceded the bond hearing by over ten years." This Court reviews a trial court's decision to grant or deny bail for an abuse of discretion. *See Commonwealth v. Duse*, 295 Va. 1, 7 (2018); *Commonwealth v. Thomas*, 73 Va. App. 121, 127 (2021); Rule 5A:2(b). When reviewing a trial court's decision for an abuse of discretion, this Court defers to the trial court's judgment and will "not reverse merely because it would have come to a different result in the first instance." *Lawlor v. Commonwealth*, 285 Va. 187, 212 (2013). Nonetheless, "a trial court 'by definition abuses its discretion when it makes an error of law.'" *Auer v. Commonwealth*, 46 Va. App. 637, 643 (2005) (quoting *Shooltz v. Shooltz*, 27 Va. App. 264, 271 (1998)). Thus, the trial court abuses its discretion

> when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no improper ones are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Lawlor*, 285 Va. at 213 (quoting *Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011)).  When considering a motion for bail, a trial court must explain its reasoning sufficiently for this Court "to make an objective determination that the court below has not abused its discretion."  *Shannon v. Commonwealth*, 289 Va. 203, 206 (2015).

"Code § 19.2-120 governs pre-trial bail."  *Duse*, 295 Va. at 1.  Under Code § 19.2-120, a person held in custody pending trial for a criminal offense "shall be admitted to bail by a judicial officer, unless there is probable cause to believe that . . . [h]e will not appear for trial or hearing or at such other time and place as may be directed" or "[h]is liberty will constitute an unreasonable danger to himself, family or household members . . . , or the public."  Code § 19.2-120(A)(1), (2).  "[F]or the court to deny bond it only need[s] to find 'probable cause' that appellant's liberty would pose a danger to himself or others; it [i]s not required to make a determination based on proof beyond a reasonable doubt or even a preponderance of the evidence."  *Keene v. Commonwealth*, 74 Va. App. 547, 555 (2022) (holding that evidence of defendant's accrual of increasingly serious charges pending trial for other crimes against the same victim established probable cause to conclude that his pretrial release posed an unreasonable risk of danger to the community).  "Probable cause has been described as 'a fluid concept,' that 'deals with probabilities and depends on the totality of the circumstances.'"  *Id.* (first quoting *Illinois v. Gates*, 462 U.S. 213, 232 (1983); and then quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)).

In making the determination of whether a defendant should be admitted to bail, the judicial officer

> shall consider all relevant information, including (i) the nature and
> circumstances of the offense; (ii) whether a firearm is alleged to
> have been used in the commission of the offense; (iii) the weight of
> the evidence; (iv) the history of the accused or juvenile, including
> his family ties or involvement in employment, education, or
> medical, mental health, or substance abuse treatment; (v) his length

of residence in, or other ties to, the community; (vi) his record of convictions; (vii) his appearance at court proceedings or flight to avoid prosecution or convictions for failure to appear at court proceedings; and (viii) whether the person is likely to obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness, juror, victim, or family or household member as defined in § 16.1-228.

Code § 19.2-120(B).[1]

The trial court found probable cause that Martin's release on bail would constitute an unreasonable risk of harm to the public. The record supports this finding. While acknowledging that Martin had longstanding employment and had resided in Chesterfield County for a significant period of time, the trial court also considered, as it was entitled to do, Martin's lengthy history of criminal convictions in Virginia and two other states. Not only was Martin charged in Grayson County with probation violations of criminal convictions from 2006 and 2012, but he had also incurred new criminal charges for felonies and for DWI. Considering all the facts and circumstances, we do not find that the trial court abused its discretion in finding probable cause that Martin's release would pose a danger to the public and in denying his request for bail pending his revocation hearing.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's decision denying Martin's motion for bail.

*Affirmed.*

---

[1] Code § 19.2-120(B) previously imposed a presumption against bail for certain enumerated offenses. Effective July 1, 2021, Code § 19.2-120 no longer contains any presumption against bail. *See* 2021 Va. Acts Spec. Sess. I ch. 337. However, according to Code § 19.2-120(A), the trial court was nonetheless obligated to consider whether there was "probable cause to believe that" Martin's release pending his revocation hearing would "constitute an unreasonable danger to . . . the public."